**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:21-cv-3417-NYW

HOLLY KLUTH,

 Plaintiff,

v.

TONY SPURLOCK, individually, and in his official capacity as Douglas County Sheriff,

 Defendant.

_____

**DEFENDANT TONY SPURLOCK'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**
_____

   Defendant Tony Spurlock ("Sheriff Spurlock") individually, and in his official capacity as Douglas County Sheriff, by and through his counsel, William T. O'Connell, III and Saugat K. Thapa of Wells, Anderson & Race, LLC submits his Answer to Plaintiff's Complaint and Jury Demand [Doc. No. 1] (the "Complaint"), and states as follows:

**NATURE OF THE ACTION**

 Sheriff Spurlock admits that Plaintiff brings this action but denies that Plaintiff is entitled to any of the relief requested in the Complaint.  Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

**I. JURISDICTION, VENUE, AND PARTIES**

 1. Sheriff Spurlock admits that Plaintiff brings this action and that this Court has jurisdiction but denies that Plaintiff is entitled to any of the relief requested in the Complaint. Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

2. Sheriff Spurlock admits that Plaintiff brings this action and that this Court has jurisdiction but denies that Plaintiff is entitled to any of the relief requested in the Complaint. Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

3. Sheriff Spurlock admits that venue is proper in this District but denies that Plaintiff is entitled to any of the relief requested in the Complaint. Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

4. Sheriff Spurlock admits the allegations of Paragraph 4.

5. Sheriff Spurlock admits the allegations of Paragraph 5.

6. Sheriff Spurlock admits the allegations of Paragraph 6.

7. Sheriff Spurlock admits the allegations of Paragraph 7.

8. Sheriff Spurlock admits the allegations of Paragraph 8.

9. Sheriff Spurlock admits the allegations of Paragraph 9.

## II. FACTUAL ALLEGATIONS

**A. Plaintiff Kluth's Extensive Career at the Douglas County Sheriff's Office**

10. Sheriff Spurlock admits the allegations of Paragraph 10.

11. Sheriff Spurlock admits the allegations of Paragraph 11.

12. Sheriff Spurlock admits that Plaintiff was promoted to Law Enforcement Bureau Chief in October 2005.

13. Sheriff Spurlock admits that Plaintiff was assigned as Administrative Bureau Chief in November 2009.

14. Sheriff Spurlock admits the allegations of Paragraph 14.

15. Sheriff Spurlock admits the allegations of Paragraph 15.

16. Sheriff Spurlock admits the allegations of Paragraph 16.

17. Sheriff Spurlock admits the allegations of Paragraph 17.

18. Sheriff Spurlock admits that Plaintiff was demoted from Undersheriff to Captain of Patrol in November 2020 as the result of an Internal Affairs investigation in which Plaintiff was found to have violated several Douglas County Sheriff's Office ("DCSO") policies.

19. Sheriff Spurlock admits that Plaintiff was moved to the position of Detentions Captain in February 2021. Sheriff Spurlock denies the remaining allegations of Paragraph 19.

20. Sheriff Spurlock admits the allegations of Paragraph 20.

**B.    Plaintiff Kluth and Sheriff Spurlock Were on Opposite Sides of a Factional Political Dispute Dividing Douglas County Republicans**

21. Sheriff Spurlock admits only that he and Plaintiff frequently spoke about a host of topics during Plaintiff's tenure as Undersheriff.

22. Sheriff Spurlock admits the allegations of Paragraph 22.

23. Sheriff Spurlock admits the allegations of Paragraph 23.

24. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, denies the same.

25. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, denies the same.

26. Sheriff Spurlock admits that a Committee to Recall Tony Spurlock was formed in 2019 in response to his support of Colorado's "red flag" law.

27. Sheriff Spurlock admits that the DCGOP passed a resolution regarding his support of Colorado's "red flag" law and that the resolution speaks for itself.

28. Sheriff Spurlock admits that DCGOP's resolution speaks for itself.

29. Sheriff Spurlock admits that upon information and belief George Teal was opposed to him as Douglas County Sheriff.

30. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies the same.

31. Sheriff Spurlock admits that he discussed his opposition to Mr. Teal's candidacy with Plaintiff. Sheriff Spurlock denies the remaining allegations of Paragraph 31.

32. Sheriff Spurlock admits the allegations of Paragraph 32.

33. Sheriff Spurlock admits the allegations of Paragraph 33.

34. Sheriff Spurlock admits the allegations of Paragraph 34.

35. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies the same.

36. Sheriff Spurlock denies the allegations of Paragraph 36.

37. Sheriff Spurlock denies the allegations of Paragraph 37.

38. Sheriff Spurlock denies the allegations of Paragraph 38.

39. Sheriff Spurlock admits the allegations of Paragraph 39.

40. Sheriff Spurlock denies the allegations of Paragraph 40.

**C.   Plaintiff Kluth's Protected Political Speech and Associational Activity**

41. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, denies the same.

42. Sheriff Spurlock admits the allegations of Paragraph 42.

43. Sheriff Spurlock admits the allegations of Paragraph 43.

44. Sheriff Spurlock admits the allegations of Paragraph 44.

45. Sheriff Spurlock admits the allegations of Paragraph 45.

46. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, denies the same.

47. Sheriff Spurlock admits the allegations of Paragraph 47.

48. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, denies the same.

49. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, denies the same.

50. Sheriff Spurlock admits that Plaintiff posted various statements on her Facebook account. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and, therefore, denies the same.

51. Sheriff Spurlock admits that Plaintiff's Facebook posts speak for themselves.

52. Sheriff Spurlock denies the allegations of Paragraph 52.

53. Sheriff Spurlock denies the allegations of Paragraph 53.

54. Sheriff Spurlock admits that Plaintiff was fully aware that her actions had the effect of publicly undermining his authority as the Douglas County Sheriff. Sheriff Spurlock denies the remaining allegations of Paragraph 54.

55. Sheriff Spurlock denies the allegations of Paragraph 55.

56. Sheriff Spurlock denies the allegations of Paragraph 56.

57. Sheriff Spurlock denies the allegations of Paragraph 57.

**D.    Sheriff Spurlock's Unlawful Retaliation Against Plaintiff Kluth**

58. Sheriff Spurlock denies the allegations of Paragraph 58.

59. Sheriff Spurlock admits that a Notice of Complaint 20IA-025 for potential policy violations related to Plaintiff's position as Undersheriff and a Notice of Complaint 20IA-025 for potential policy violations related to Tim Moore's position as Bureau Chief were issued on or about October 15, 2020. Sheriff Spurlock denies the remaining allegations of Paragraph 59.

60. Sheriff Spurlock admits that the Internal Affairs complaint against Plaintiff related to potential policy violations as Undersheriff. Sheriff Spurlock denies the remaining allegations of Paragraph 60.

61. Sheriff Spurlock admits that the Internal Affairs complaint against Plaintiff related to potential policy violations as Undersheriff. Sheriff Spurlock denies the remaining allegations of Paragraph 61.

62. Sheriff Spurlock admits that he provided a Notification of Findings report to Plaintiff on November 12, 2020 and that the report speaks for itself.

63. Sheriff Spurlock denies the allegations of Paragraph 63.

64. Sheriff Spurlock admits that he provided a Notification of Findings report to Plaintiff on November 12, 2020. Sheriff Spurlock denies the remaining allegations of Paragraph 64.

65. Sheriff Spurlock denies the allegations of Paragraph 65.

66. Sheriff Spurlock admits that the Notification of Findings report speaks for itself.

67. Sheriff Spurlock admits that the Notification of Findings report speaks for itself.

68. Sheriff Spurlock admits that his statements at his November 12, 2020 meeting with Plaintiff speak for themselves.

69. Sheriff Spurlock admits that his November 16, 2020 memorandum to Plaintiff speaks for itself.

70. Sheriff Spurlock admits that Plaintiff's November 17, 2020 memo to him speaks for itself.

71. Sheriff Spurlock admits the allegations of Paragraph 71.

72. Sheriff Spurlock admits the allegations of Paragraph 72.

73. Sheriff Spurlock admits the allegations of Paragraph 73.

74. Sheriff Spurlock denies the allegations of Paragraph 74.

75. Sheriff Spurlock admits that Chief Kevin Duffy was Plaintiff's supervisor while she was a Captain in the Patrol Division. Sheriff Spurlock denies the remaining allegations of Paragraph 75.

76. Sheriff Spurlock denies the allegations of Paragraph 76.

77. Sheriff Spurlock admits that Plaintiff and Jim Jensen were both Captains in the Patrol Division for a period of time in late 2020/early 2021. Sheriff Spurlock denies the remaining allegations of Paragraph 77.

78. Sheriff Spurlock denies the allegations of Paragraph 78.

79. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, denies the same.

80. Sheriff Spurlock denies the allegations of Paragraph 80.

81. Sheriff Spurlock denies the allegations of Paragraph 81.

82. Sheriff Spurlock denies the allegations of Paragraph 82.

83. Sheriff Spurlock denies the allegations of Paragraph 83.

84. Sheriff Spurlock denies the allegations of Paragraph 84.

85. Sheriff Spurlock denies the allegations of Paragraph 85.

86. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and, therefore, denies the same.

87. Sheriff Spurlock denies the allegations of Paragraph 87.

88. Sheriff Spurlock denies the allegations of Paragraph 88.

89. Sheriff Spurlock denies the allegations of Paragraph 89.

90. Sheriff Spurlock denies the allegations of Paragraph 90.

91. Sheriff Spurlock admits that Plaintiff was terminated on May 25, 2021. Sheriff Spurlock denies the remaining allegations of Paragraph 91.

92. Sheriff Spurlock admits that he, Douglas County Human Resources Director Laura Leary and Captain of Professional Standards Jason Kennedy met with Plaintiff on May 25, 2021.

93. Sheriff Spurlock admits that his statements at his May 25, 2021 meeting with Plaintiff speak for themselves.

94. Sheriff Spurlock denies the allegations of Paragraph 94.

95. Sheriff Spurlock admits that his statements at his May 25, 2021 meeting with Plaintiff speak for themselves.

96. Sheriff Spurlock admits that his statements at his May 25, 2021 meeting with Plaintiff speak for themselves.

97. Sheriff Spurlock denies the allegations of Paragraph 97.

98. Sheriff Spurlock denies the allegations of Paragraph 98.

99. Sheriff Spurlock admits that Plaintiff was offered a severance package which she refused.

100. Sheriff Spurlock admits that Plaintiff's statements at the May 25, 2021 meeting speak for themselves.

101. Sheriff Spurlock admits that Plaintiff's statements at the May 25, 2021 meeting speak for themselves.

102. Sheriff Spurlock admits that his statements at his May 25, 2021 meeting with Plaintiff speak for themselves.

103. Sheriff Spurlock admits that Plaintiff's statements at the May 25, 2021 meeting speak for themselves and that he eventually left the meeting.

104. Sheriff Spurlock admits the allegations of Paragraph 104.

105. Sheriff Spurlock admits that Plaintiff's text speaks for itself.

106. Sheriff Spurlock admits that Plaintiff's request for credentials under the Law Enforcement Officers Safety Act of 2004 ("LEOSA") was denied.

107. Sheriff Spurlock denies the allegations of Paragraph 107.

108. Sheriff Spurlock denies the allegations of Paragraph 108.

**E. DCSO Employees Engage in Similar Political Activities Without Consequence, So Long as They are Politically Aligned with Sheriff Spurlock**

109. Sheriff Spurlock admits that Captain Darren Weekly announced his candidacy for Sheriff on or about November 4, 2021.

110. Sheriff Spurlock admits the allegations of Paragraph 110.

111. Sheriff Spurlock admits that he attended Captain Weekly's campaign event. Sheriff Spurlock admits that Undersheriff Walcher and Chief Duffy also attended Captain Weekly's

9

campaign event. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 and, therefore, denies the same.

112. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 and, therefore, denies the same.

113. Sheriff Spurlock is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and, therefore, denies the same.

114. Sheriff Spurlock admits that no DCSO employee has been disciplined for supporting Captain Weekly's candidacy because the manner in which any employee pledged support for Captain Weekly did not violate DCSO policies. Sheriff Spurlock denies that any former or current DCSO employee has been retaliated against for any reason.

**F.    Allegations Relating to Plaintiff Kluth's Position and Job Duties**

115. Sheriff Spurlock admits that the DCSO policy speaks for itself.

116. Sheriff Spurlock admits that the DCSO policy speaks for itself.

117. Sheriff Spurlock admits the allegations of Paragraph 117.

118. Sheriff Spurlock admits the allegations of Paragraph 118.

119. Sheriff Spurlock denies the allegation of Paragraph 119.

120. Sheriff Spurlock denies the allegation of Paragraph 120.

121. Sheriff Spurlock admits that the DCSO policy speaks for itself.

122. Sheriff Spurlock admits that the DCSO policy speaks for itself.

123. Sheriff Spurlock admits that the DCSO policy speaks for itself.

124. Sheriff Spurlock admits the allegations of Paragraph 124.

125. Sheriff Spurlock admits the allegations of Paragraph 125.

126. Sheriff Spurlock admits that the Budget Manager is responsible for the coordination of the DCSO annual budget process; however, the Sheriff is responsible for the direction of the DCSO annual budget process.

127. Sheriff Spurlock admits that the Budget Manager is responsible for the coordination of the DCSO annual budget process; however, the Sheriff is responsible for the direction of the DCSO annual budget process.

128. Sheriff Spurlock denies the allegations of Paragraph 128.

129. Sheriff Spurlock denies the allegations of Paragraph 129.

130. Sheriff Spurlock denies the allegations of Paragraph 130.

131. Sheriff Spurlock denies the allegations of Paragraph 131.

132. Sheriff Spurlock admits that the DCSO employs Public Information Officers and the job of the DCSO Public Information Officers is to deliver accurate information to the news media and citizens.

133. Sheriff Spurlock denies the allegations of Paragraph 133.

134. Sheriff Spurlock denies the allegations of Paragraph 134.

135. Sheriff Spurlock admits that there are several ranks between Sheriff and Captain of Patrol pursuant to DCSO policy.

136. Sheriff Spurlock admits that there are several ranks between Sheriff and Captain of Detentions pursuant to DCSO policy.

137. Sheriff Spurlock admits the allegations of Paragraph 137.

138. Sheriff Spurlock admits the allegations of Paragraph 138.

139. Sheriff Spurlock admits the allegations of Paragraph 139.

Case 1:21-cv-03417-NYW-MEH   Document 13   Filed 02/18/22   USDC Colorado   Page 12 of 20

Case 1:21-cv-03417-NYW-MEH   Document 13   Filed 02/18/22   USDC Colorado   Page 12 of 20

140. Sheriff Spurlock admits the allegations of Paragraph 140.

**G.   Allegations Relating to DCSO's Employment Policies**

141. Sheriff Spurlock admits that the DCSO policy speaks for itself.

142. Sheriff Spurlock admits that the DCSO policy speaks for itself.

143. Sheriff Spurlock admits that the DCSO policy speaks for itself.

144. Sheriff Spurlock denies the allegations of Paragraph 144.

145. Sheriff Spurlock admits that the DCSO policy speaks for itself.

146. Sheriff Spurlock denies the allegations of Paragraph 146.

147. Sheriff Spurlock admits that the DCSO policy speaks for itself.

148. Sheriff Spurlock denies the allegations of Paragraph 148.

149. Sheriff Spurlock admits that the DCSO policy speaks for itself.

150. Sheriff Spurlock denies the allegations of Paragraph 150.

151. Sheriff Spurlock admits that the DCSO policy speaks for itself.

152. Sheriff Spurlock denies the allegations of Paragraph 152.

153. Sheriff Spurlock admits that the DCSO policy speaks for itself.

154. Sheriff Spurlock denies the allegations of Paragraph 154.

155. Sheriff Spurlock admits that the DCSO policy speaks for itself.

156. Sheriff Spurlock denies the allegations of Paragraph 156.

157. Sheriff Spurlock admits that the DCSO policy speaks for itself.

158. Sheriff Spurlock admits that the DCSO policy speaks for itself.

159. Sheriff Spurlock denies the allegations of Paragraph 159.

### III. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Retaliation**
**(Against Defendant Spurlock in his individual and official capacities)**

160. Sheriff Spurlock reincorporates and realleges his responses to Paragraphs 1 through 159 above as if fully set forth herein.

161. Sheriff Spurlock admits that he was acting under color of state law in his capacity as Douglas County Sheriff but denies that Plaintiff is entitled to any of the relief requested in the Complaint. Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

162. The allegations of Paragraph 162 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

163. The allegations of Paragraph 163 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

164. The allegations of Paragraph 164 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

165. The allegations of Paragraph 165 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

166. Sheriff Spurlock denies the allegations of Paragraph 166.

167. Sheriff Spurlock denies the allegations of Paragraph 167.

168. Sheriff Spurlock denies the allegations of Paragraph 168.

169. Sheriff Spurlock denies the allegations of Paragraph 169.

170. Sheriff Spurlock denies the allegations of Paragraph 170.

171.     Sheriff Spurlock denies the allegations of Paragraph 171.

172.     Sheriff Spurlock denies the allegations of Paragraph 172.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## Fourteenth Amendment – Procedural Due Process
## (Against Defendant Spurlock in his individual and official capacities)

173.     Sheriff Spurlock reincorporates and realleges his responses to Paragraphs 1 through 172 above as if fully set forth herein.

174.     Sheriff Spurlock admits that he was acting under color of state law in his capacity as Douglas County Sheriff but denies that Plaintiff is entitled to any of the relief requested in the Complaint.  Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

175.     The allegations of Paragraph 175 call for a legal conclusion, and therefore, no response is required.  To the extent a response is required, Sheriff Spurlock denies the same.

176.     The allegations of Paragraph 176 call for a legal conclusion, and therefore, no response is required.  To the extent a response is required, Sheriff Spurlock denies the same.

177.     Sheriff Spurlock denies the allegations of Paragraph 177.

178.     Sheriff Spurlock denies the allegations of Paragraph 178.

179.     Sheriff Spurlock denies the allegations of Paragraph 179.

180.     Sheriff Spurlock denies the allegations of Paragraph 180.

181.     Sheriff Spurlock denies the allegations of Paragraph 181.

182.     Sheriff Spurlock denies the allegations of Paragraph 182.

**THIRD CLAIM FOR RELIEF**
**C.R.S. § 13-21-131**
**Civil Action for Deprivation of Rights**
**(Against Defendant Spurlock in his individual capacity)**

183. Sheriff Spurlock reincorporates and realleges his responses to Paragraphs 1 through 182 above as if fully set forth herein.

184. Sheriff Spurlock admits the allegations of Paragraph 184.

185. Sheriff Spurlock admits that he was acting under color of state law in his capacity as Douglas County Sheriff but denies that Plaintiff is entitled to any of the relief requested in the Complaint. Sheriff Spurlock denies that he acted in violation of any law or constitutional obligation.

186. The allegations of Paragraph 186 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

187. The allegations of Paragraph 187 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

188. The allegations of Paragraph 188 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

189. The allegations of Paragraph 189 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

190. Sheriff Spurlock denies the allegations of Paragraph 190.

191. Sheriff Spurlock denies the allegations of Paragraph 191.

192. The allegations of Paragraph 192 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

193. Sheriff Spurlock denies the allegations of Paragraph 193.

194.   Sheriff Spurlock denies the allegations of Paragraph 194.

195.   Sheriff Spurlock denies the allegations of Paragraph 195.

196.   Sheriff Spurlock denies the allegations of Paragraph 196.

197.   Sheriff Spurlock denies the allegations of Paragraph 197.

## FOURTH CLAIM FOR RELIEF
### Breach of Implied Contract
**(Against Defendant Spurlock in his individual and official capacities)**

198.   Sheriff Spurlock reincorporates and realleges his responses to Paragraphs 1 through 197 above as if fully set forth herein.

199.   The allegations of Paragraph 199 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

200.   The allegations of Paragraph 200 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Sheriff Spurlock denies the same.

201.   Sheriff Spurlock admits that the DCSO policies speak for themselves.

202.   Sheriff Spurlock admits that the DCSO policies speak for themselves.

203.   Sheriff Spurlock denies the allegations of Paragraph 203.

204.   Sheriff Spurlock denies the allegations of Paragraph 204.

205.   Sheriff Spurlock denies the allegations of Paragraph 205.

206.   Sheriff Spurlock denies the allegations of Paragraph 206.

207.   Sheriff Spurlock denies the allegations of Paragraph 207.

208.   Sheriff Spurlock denies all allegations of Plaintiff's Complaint not specifically admitted herein.

## PRAYER FOR RELIEF

Sheriff Spurlock denies that Plaintiff is entitled to any of the relief requested.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim as to which any relief may be granted against Sheriff Spurlock.

2. All or part of Plaintiff's claims against Sheriff Spurlock fail to achieve the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983 or otherwise.

3. All actions taken by Sheriff Spurlock were taken for legitimate, valid and non-discriminatory/retaliatory business reasons and were justified by law, rule and regulation.

4. Plaintiff's damages, if any, are the result of Plaintiff's own conduct, or the conduct of third parties over whom Sheriff Spurlock did not possess control or right of control and not by reason of any tortious or unconstitutional conduct of Sheriff Spurlock.

5. At all times, Sheriff Spurlock acted consistently with his constitutional, statutory and common law obligations.

6. To the extent that Plaintiff seeks to impose liability on Sheriff Spurlock in his individual capacity under 42 U.S.C. § 1983, such claims are barred by the doctrine of good faith qualified immunity.

7. Some or all of the relief sought by Plaintiff is not available under the theory or theories asserted.

8. All actions taken by Sheriff Spurlock were reasonable as a matter of law.

9. Any alleged misconduct or constitutional violation, if any, on the part of Sheriff Spurlock was not the proximate cause of Plaintiff's alleged injuries and damages.

10. Plaintiff's alleged speech may not be protected under the First Amendment to the United States Constitution.

11. Sheriff Spurlock would have taken the same action with regard to Plaintiff without regard to any speech and/or political association of Plaintiff.

12. Plaintiff's employment status was at will.

13. Plaintiff did not possess a property interest in employment to which the requisites of due process attach.

14. Plaintiff was provided all process she was due.

15. Plaintiff was in first material breach of Douglas County Sheriff's Office policies, and procedures.

16. Plaintiff was in first material breach of contract, if any is found to exist.

17. Plaintiff may have failed to mitigate her damages, if any, as required by law.

18. Plaintiff's claims are barred in part or whole by the doctrines of unclean hands, waiver and/or estoppel.

19. Evidence acquired after Plaintiff's termination provides additional confirmation of Plaintiff's performance deficiencies and failure to comply with Douglas County Sheriff's Office policies and procedures and would have been a reason for termination had they been known at the time of her termination.

20. The Douglas County Sheriff's Office did not have a custom, policy or practice that was a direct causal link to the claims and injuries alleged by Plaintiff.

21. Plaintiff's claimed losses, if any, did not result from any official custom, policy or practice established by a final policy maker of the Douglas County Sheriff's Office or someone

whose acts or edicts may be fairly said to represent official policy of the Douglas County Sheriff's Office.

22. The official custom, policy and practice of the Douglas County Sheriff's Office prohibits illegal discrimination/retaliation of any kind.

23. The Douglas County Sheriff's Office's policies conform to established constitutional and statutory standards.

24. Plaintiff has failed to allege and cannot prove an unconstitutional official custom, policy or practice.

25. Any claim for punitive or exemplary damages against the Douglas County Sheriff's Office is barred under *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981).

26. Sheriff Spurlock specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses, or delete defenses and affirmative defenses that become non-applicable upon completion of additional discovery.

**DEFENDANT TONY SPURLOCK DEMANDS A TRIAL BY JURY.**

Dated this 18th day of February, 2022.

Respectfully submitted,

*s/ William T. O'Connell, III*
William T. O'Connell, III
Saugat K. Thapa
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO  80290
Telephone: 303-830-1212
Email:  woconnell@warllc.com; sthapa@warllc.com

**ATTORNEY FOR TONY SPURLOCK, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS DOUGLAS COUNTY SHERIFF**

19

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18th, 2022, a true and correct copy of the above and foregoing **DEFENDANT TONY SPURLOCK'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was electronically filed with the Clerk of Court using the CM/ECF system and/or sent via e-mail to the following e-mail addresses:

Felipe Bohnet-Gomez, Esq.
Matthew J. Cron, Esq.
Siddhartha H. Rathod, Esq.
**RATHOD MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, CO  80205
*fbg@rmlawyers.com*
*mc@rmlawyers.com*
*sr@rmlawyers.com*


　　　　　　　　　　　　　　　　　　*s/ Joan E. Hoover*
　　　　　　　　　　　　　　　　　　Joan E. Hoover