IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:21-cv-3417-NYW

HOLLY KLUTH,

      Plaintiff,

v.

TONY SPURLOCK, individually, and in his official capacity as Douglas County Sheriff,

      Defendant.

## STIPULATED PROTECTIVE ORDER

      Upon request of the parties for the entry of a Protective Order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

      1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.  It will not apply to any documents, or information, produced prior to the execution of this agreement.

      2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

      3.    Information designated "CONFIDENTIAL" shall be information that is protected by a statutory, regulatory, or common law right of privacy or protection, or information that otherwise contains nonpublic personal, personnel, employment, private, medical, or other

information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff or Defendant or any other nonparty including confidential, security-sensitive, law enforcement sensitive, investigatory, government information, proprietary, trade secret, financial, or other confidential research, development or commercial information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Third-parties disclosing any CONFIDENTIAL information may designate such CONFIDENTIAL information as CONFIDENTIAL per this Protective Order and any party to this Protective Order may designate CONFIDENTIAL information produced by a third-party as CONFIDENTIAL per this Protective Order.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    the jury to whom the case may be presented;

      (g)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (h)    persons whom counsel reasonably believes to be the authors, senders, addressees, and copy recipients of, persons mentioned in such CONFIDENTIAL information, current or former employees of the producing person and other persons with knowledge relating to the information contained therein so long as (i) those persons have been identified in Fed. R. Civ. P. 26(a) disclosures (or amendments thereto) and (ii) have agreed to abide by the terms of this Protective Order pursuant to Paragraph 6, below;

      (i)    deponents, witnesses, or potential witnesses;

      (j)    any adjuster, insurer or risk-sharing agency for any of the Parties as required to monitor, adjust, or otherwise evaluate the case for liability, defense or settlement purposes;

      (k)    mediators; and

      (l)    other persons by agreement of the parties.

      5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, mediators, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

      6.    When Confidential Information is produced, provided or otherwise disclosed by a party (whether in response to any discovery request or otherwise), it may be designated in the following manner by:

  a. Imprinting the word "Confidential" or "Subject to Protective Order" on the first page or cover of any document produced;

  b. Imprinting the word "Confidential" or "Subject to Protective Order" next to or above any response to a discovery request; and

  c. Designating deposition testimony as "Confidential" or "Subject to Protective Order" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  d. Medical records previously disclosed by Plaintiff or her provider(s) shall retroactively be designated and maintained as "Confidential" and subject to this Protective Order, as they were produced prior to its entry.

  e. Subsequent medical records disclosed in this case shall presumptively and automatically be considered "Confidential" pursuant to the terms of this Protective Order.

  7. Any information designated by a party as CONFIDENTIAL will first be reviewed by counsel <u>of record</u> who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection under FED. R. CIV. P. 26(c). *See Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

  8. In the event it is necessary for the Parties to file or refer to Confidential Information with the Court in connection with any proceeding, motion, pleading, brief or other filing, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. The party designating information as Confidential Information shall be responsible for

submitting a Motion to Restrict Access, following the submission of Confidential Information filed, if the designating party seeks to maintain the confidentiality of the information.  <u>Nothing in this Order may be construed as restricting any document and/or information from the public record.</u>

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event of an inadvertent disclosure of CONFIDENTIAL information, or privileged documents or information, by any party to this agreement, the parties agree that the right to designate such materials as CONFIDENTIAL or to assert privilege will not be waived where the producing party notifies the other party of the inadvertent disclosure within a reasonable period of time following discovery of the inadvertent disclosure <u>and no other basis for waiver has</u>

occurred. Upon notification of an inadvertent disclosure of CONFIDENTIAL or privileged documents or information, the producing party shall notify the receiving party of the inadvertent disclosure. Upon notification, the receiving party shall promptly return or destroy the requested privileged materials and any copies thereof.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall: be returned to the party that designated it as Confidential Information, destroyed by counsel, or preserved by counsel in a manner that is fully consistent with the terms of this Protective Order and the attorneys' law firm's office procedures and records-retention policy. Counsel for each party may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contain Confidential Information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of the designating party or this Court after written notice to counsel for the Party that produced the documents. The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

14. Nothing in this Protective Order shall relieve any party of its obligation under FED. R. CIV. P. 26(b)(5) to prepare and provide a privilege log.

15. Nothing in this Protective Order shall be construed to limit the parties' ability to submit necessary exhibits to the Court or jury at trial.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 22d day of February, 2022.

_____
United States Magistrate Judge