IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-3417-NYW

HOLLY KLUTH,

   Plaintiff,

v.

TONY SPURLOCK, individually, and in his official capacity as Douglas County Sheriff,

   Defendant.

## SCHEDULING ORDER

**1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A scheduling conference in this case was held on March 3, 2022 at 10:30 a.m. via telephone conference. The parties were represented at the conference as follows:

**For Plaintiff:**

Felipe Bohnet-Gomez
Matthew Cron
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com
mc@rmlawyers.com

**For Defendant:**
William T. O'Connell, III
Saugat K. Thapa
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
(303) 830-1212

woconnell@warllc.com
sthapa@warllc.com

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988. Jurisdiction over Plaintiff's pendant state law claims is proper under 28 U.S.C. § 1367(a) because Plaintiff's claims arise from a common nucleus of operative fact.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

Plaintiff Holly Kluth alleges that Defendant Tony Spurlock violated her rights under the First and Fourteenth Amendments and the Colorado Constitution by terminating her employment due to her political speech, association, and beliefs. Additionally, Plaintiff alleges that, Defendant violated her rights under the Fourteenth Amendment and the Colorado Constitution to procedural due process and breached the implied contract between Plaintiff and the Douglas County Sheriff's Office ("DCSO") by failing to provide Plaintiff notice of the reasons for her termination, and a meaningful opportunity to respond to such reasons, before depriving her of her job.

Plaintiff Kluth was employed by the DCSO for 32 years, served in a variety of positions within the agency, and was appointed to the position of Undersheriff by Defendant Spurlock in 2014.

There were no issues with Plaintiff's employment until 2020. Plaintiff and Defendant are both Republicans. But, in 2019 a rift had developed between Defendant Spurlock and other Republicans in the Douglas County Republican Party. That year, Defendant Spurlock was the only Republican elected official in Colorado who publicly supported Colorado's new "red flag" gun bill C.R.S. § 13-14.5-101, *et seq.*, a law opposed by most Republicans in Douglas County. The factional dispute between Spurlock and other Douglas County Republicans deepened from 2019 to 2020. On March 30, 2019, Defendant Spurlock was formally censured by the Douglas County Republican Party. And, in June 2020, Defendant's Spurlock's preferred candidate for the upcoming election for Douglas County Commissioner lost the Republican primary to a candidate opposed to Spurlock. As a result, in September 2020, Defendant Spurlock publicly endorsed the Democratic candidate for Douglas County Commissioner.

Meanwhile, Plaintiff Kluth continued to affiliate with the mainstream of the Douglas County Republican Party. She was an Assistant District Captain in the Douglas County Republican Party and, as Defendant Spurlock knew, intended to run for Douglas County Sheriff after Defendant Spurlock's term came to an end. After Defendant Spurlock's endorsement of a Democratic candidate, Ms. Kluth engaged in discussions with other leaders and officers of the Douglas County Republican Party regarding a potential statement responding to and opposing Defendant's endorsement. No such statement was ever issued. But Plaintiff Kluth did make a post on her personal Facebook page, which stated in relevant part: "I will support and vote for conservative

3

candidates that I think have the beliefs I do about Public Safety, Government, Rights, the law, the constitution, and our Country."

When Defendant Spurlock learned of Plaintiff Kluth's political activity—both the intra-party discussions, as well as her Facebook post—he became very upset. Defendant Spurlock now believed that Ms. Kluth was politically affiliated with his opposition within the Douglas County Republican Party and began to retaliate against her. First, he began an internal affairs investigation into Plaintiff Spurlock, through which he fabricated the pretext that Plaintiff Kluth's political activities were "contrary to the Sheriff" and had violated DCSO policy. Then, he demoted Plaintiff Kluth from Undersheriff to the rank of Captain of Patrol. Defendant's retaliation continued in Plaintiff's new position. Plaintiff Kluth's duties were deliberately rearranged to make her working conditions more difficult. And she was repeatedly reprimanded for insignificant issues, such as copying the sheriff on an email.

Despite Sheriff Spurlock's concerted, politically motivated campaign to drive her out of the DCSO, Ms. Kluth continued to do her utmost to serve the citizens of Douglas County in her new role. But then, on or about February 13, 2021, Ms. Kluth publicly announced that she was running for Sheriff of Douglas County. Shortly thereafter, Defendant Spurlock transferrer her to Detentions, a less desirable position. Then, on or about May 25, 2021, Ms. Kluth was abruptly terminated, without verbal or written warning, and without being provided any termination letter or notice, in contravention of both Colorado law and DCSO policy, which required Plaintiff to be notified of the reason for her termination and a meaningful opportunity to respond to it. When informing

Plaintiff of her termination, however, Defendant Spurlock stated that "nothing has changed since last fall," a clear reference to Ms. Kluth's political affiliation, and her related political activities and speech.

After Plaintiff's termination, Defendant's unlawful retaliation has continued. First, Defendant Spurlock baselessly denied Plaintiff's request retired officer credentials under the Law Enforcement Officer Safety Act ("LEOSA"). Then, as a direct result of Plaintiff Kluth's request, through counsel, of her own personnel file, Defendant Spurlock initiated both an internal affairs and a criminal investigation, falsely alleging that Plaintiff had improperly ordered the removal of parts of her personnel file.

Plaintiff has asserted claims based on wrongful termination in violation of the First Amendment of the United States Constitution and the Colorado Constitution; the denial of the right to procedural process before being terminated in violation of the Fourteenth Amendment of the United States Constitution and the Colorado Constitution; and breach of the implied contract between her and the DCSO, which required notice and opportunity to be heard prior to termination.

b. **Defendant:**

Defendant Tony Spurlock ("Sheriff Spurlock") denies that he acted in violation of any law or constitutional obligation with respect to Plaintiff and denies that Plaintiff is entitled to any damages against him and/or the Douglas County Sheriff's Office. Sheriff Spurlock would have taken the same action with regard to Plaintiff without regard to any speech and/or political association of Plaintiff. Sheriff Spurlock filed his Answer to

Plaintiff's Complaint and Jury Demand on February 18, 2022 and incorporates all denials and defenses asserted therein.

## 4. UNDISPUTED FACTS

**The following facts are undisputed by all parties:**

1. Venue is proper within this District under 28 U.S.C. § 1391(b).

## 5. COMPUTATION OF DAMAGES

a. Plaintiff:   Plaintiff seeks back pay damages for the full amount of salary to date, plus approximately 33% salary as the value of benefits, minus mitigation earnings, if any. Plaintiff seeks front pay in lieu of reinstatement up to and including through the dates of intended retirement where applicable.

Plaintiff seeks the lost added value to her retirement and/or pension through date of retirement, including market earnings to be determined by an expert.

Plaintiff claims economic losses and compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other losses; Plaintiff seeks punitive damages to maximum amount for all claims allowed by law in an amount to be determined at trial; declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate; as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief.

Plaintiff additionally seeks a tax-offset where appropriate. For the vast majority of Americans, a lump-sum payment of damages will temporarily push them into a higher tax

bracket in the year that the award is collected. Plaintiff intends to request a tax-offset to restore them to their rightful economic status. A tax offset serves to make Plaintiff whole for the loss of access to money that would have been available but for the Defendants' unlawful conduct. The amount of relief required to make a party whole varies from case to case depending on the individual's tax liability and the size of the award. Generally, the tax offset is calculated by comparing the marginal tax rate for tax-filers of a similar profile (e.g., married, unmarried, family), as found in the IRS Revenue Procedures, and then calculating the percent of additional award needed to offset the bracket creep and higher tax penalty that arises as a result of the one-time lump payment. *See EEOC v. Beverage Dist. Co.*, LLC, Civ. No. 11-cv-02557, 2013 WL 6458735, *7-8 (D. Colo. Dec. 9, 2013), *aff'd in relevant part at* 780 F. 3d 1018, 1023-24 (10th Cir. 2015).

Plaintiff seeks pre- and post-judgment interest at the Colorado Statutory Rate of 8%.

Plaintiff seeks attorneys' fees and costs.

Plaintiff seeks injunctive and equitable relief as the Court finds appropriate.

b. Defendant:   Sheriff Spurlock denies that Plaintiff is entitled to recover any of the relief requested against him on any theory. Sheriff Spurlock does not seek damages at this time. Sheriff Spurlock reserves the right to seek attorneys' fees and costs pursuant to Colorado and Federal law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on February 8, 2022, via video conference.

**b.  Names of each participant and party he/she represented.**

The following counsel participated in the 26(f) meeting:  Felipe Bohnet-Gomez represented Plaintiff.  William T. O'Connell, III represented Defendant.

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be made no later than March 1, 2022.

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties have agreed to exchange Rule 26(a)(1) disclosures three weeks after the 26(f) meeting, March 1, 2022. Defendant has agreed to disclose Plaintiff's complete personnel and internal affairs files under Rule 26(a)(1) upon entry of a Protective Order.

**e.     Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery.

**f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

(3) The Parties anticipate filing a Joint Stipulated Motion for Protective Order.

**g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or**

8

> **that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties anticipate that there may be discovery of electronically stored information such as cell phone data, e-mails, and social media posts, if any. The parties will work together to facilitate the discovery of such information and to produce it in the best format. Parties shall adhere to Sedona principles regarding electronic discovery disputes.

> **h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have discussed the possible settlement of the case and the possibility of engaging in alternative dispute resolution or mediation.  No agreement has been reached, but the Parties will continue to communicate regarding possible settlement.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

> **a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.  <u>Each side may take up to ten (10) depositions, including experts, and serve up to twenty-five (25) interrogatories, including discrete subparts.</u>

> **b.   Limitations which any party proposes on the length of depositions.**

The Parties agree to limit the length of depositions to <u>one day of </u>seven (7) hours of actual deposition time.

    c.    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

~~The Parties propose~~ <u>Each side may serve up to</u> a limit of twenty-five (25) requests for production and twenty-five (25) requests for admission ~~per side~~.

    d.    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** August 12, 2022

    e.    **Other Planning or Discovery Orders:** None at this time.

### 9. CASE PLAN AND SCHEDULE

    a.    **Deadline for Joinder of Parties and Amendment of Pleadings:** April 29, 2022

    b.    **Discovery Cut-off**: September 23, 2022

    c.    **Dispositive Motion Deadline**: November 18, 2022

    d.    **Expert Witness Disclosure**:

        1.  **The parties shall identify anticipated fields of expert testimony, if any.**

<u>Plaintiff</u>: Plaintiff may endorse one or more experts to testify regarding Plaintiff's economic damages, and whether their positions required political affiliation with the Sheriff.

<u>Defendant</u>: Defendant may endorse one or more rebuttal experts.

        2.  **Limitations which the parties propose on the use or number of expert witnesses.**

The Parties propose a limit of two (2) retained experts per side, not including rebuttal experts. ~~These shall not be included in the number of depositions of fact witnesses as identified in Section 8(a) but are in addition to those fact witness depositions~~.

10

The Parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 15, 2022**.  This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 15, 2022.** This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

   Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

   702 Motions Deadline:  September 23, 2022

   e.   Identification of Persons to Be Deposed

*Preliminary List of Depositions*:

**Plaintiff**:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Defendant Tony Spurlock | 7 hours |
| Laura Leary | 7 hours |
| Jason Kennedy | 7 hours |

11

| | |
|---|---|
| Stu Parker | 7 hours |
| Tim Moore | 7 hours |
| Robert McMahan | 7 hours |
| F.R.C.P. 30(b)(6) of the DCSO | 7 hours |

**Defendant:**

Plaintiff Holly Kluth – 7 hours

Individuals identified in Plaintiff's Rule 26(a)(1) disclosures

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

b. A final pretrial conference will be held in this case on January 19, 2023 at 11:00 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a five (5) day jury trial. Both Parties have requested a trial to a jury.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

12

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 3d day of March, 2022.

BY THE COURT:

_____
United States Magistrate Judge

**APPROVED:**

**For Plaintiff:**

*s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Matthew Cron
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com
mc@rmlawyers.com

**For Defendant:**

*s/ William T. O'Connell, III*
William T. O'Connell, III
Saugat K. Thapa
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
(303) 830-1212
woconnell@warllc.com
sthapa@warllc.com

14