# Memorandum

## Office of the Sheriff

TO: Sheriff Tony Spurlock

FROM: Undersheriff Holly Nicholson-Kluth

DATE: November 17th, 2020

SUBJ: Internal Affairs Investigation 20-IA25 – Letter of Discipline

Sheriff,

In reading the letter of discipline you issued me on November 16th, 2020 I wanted to let you know that I <u>do not</u> intend to appeal the discipline. Again, I accept full responsibility for what I did and accept the outcome.

However, can I request that you modify the letter of discipline to reflect the elimination of the Policy Violation of Law Enforcement Code of Ethics as discussed yesterday?

Additionally, in the memo I gave you yesterday regarding some things I believed were inaccuracies in my Notice of Findings, not in the Evidence Supporting section, but in the Summary section, I realize that the notice of discipline was written before I gave it to you.

I very respectfully ask that the letter of discipline match what the Evidence Supporting section of the Findings reflects. I was very honest in the internal affairs investigation and admit everything in the Evidence Supporting section of the Findings document, however, both in the Summary of that Findings document and in the Letter of Discipline, it appears that some assumptions were made and some names and facts included in my discipline that were not found in the investigations or may have belonged in another person's document.

The Letter of Discipline has the following errors which appear to have come from another memo possibly:

1) It states that while serving as the appointed Undersheriff, I was asked by a third party to use my position "as a Chief Deputy" to influence my subordinate to vote in a particular manner, recruit others to do likewise."

Since I am not the Chief Deputy, and I did not try to influence my subordinate or to recruit others, it appears this may have come from Chief Moore's letter. In this instance I was advised by him of what he was doing and never asked him to do it, nor asked him to recruit others. I was told by Stu Parker he was working with Tim.

2) It also states that "secretly engaged…..in communications to recruit specific Captains."

I adamantly deny this, and I don't think the evidence supports it as this was not initiated nor facilitated by me.

3) It states I "intentionally directed Moore on the method in which he should communicate with at least one of the Captains"

I did not direct him on how to communicate with any Captains but told him after the fact that he needed to make sure Jim knew this was NOT work related as stated in my previous memo.

4) It states I abused my authority by asserting my position and influence over employees under my direct command.

The DCGOP document was NOT my idea, nor did I ask Moore to do it, nor did I ask Moore to contact captains. It was a request by Stu Parker directly to Moore in which I became aware of after their conversations and as evidenced on my text messages, was uncomfortable with, preferred changes to, and while I gave my own statement, I never tried to influence others to make a statement.

5) Finally, it states on "multiple occasions we discussed the Douglas County Commissioners election. I repeatedly advised you to exercise caution to avoid violating any portions of the Hatch Act.

I did not have those conversations with you, and I feel like this may have come from Chief Moore's memo as well.

I fully admit to all the info in the Evidence Supporting section of the Notice of Findings and admit to the other 5 Policy Violations, as and I will accept my discipline as stated and proposed by you.

I do ask that the letter of discipline for such a significant event in my life be accurate in the facts.

Thank you for your consideration.