**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-3417-NYW

HOLLY KLUTH,

      Plaintiff,

v.

TONY SPURLOCK,
Individually and in his official capacity as Douglas County Sheriff,

      Defendant.

---

**DEFENDANT TONY SPURLOCK'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

---

Defendant Tony Spurlock, individually and in his official capacity as Douglas County Sheriff, by and through his counsel, William T. O'Connell, III and Saugat K. Thapa of Wells, Anderson & Race, LLC, hereby submits his Responses to Plaintiff's First Set of Interrogatories to Defendant Tony Spurlock as follows:

**<u>GENERAL OBJECTIONS</u>**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent it requests responses different from, or in addition to, the requirements of the Federal Rules of Civil Procedure. Defendant will respond as required by the Federal Rules of Civil Procedure.

Defendant objects to Plaintiff's First Set of Interrogatories to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiff has gone beyond the relevant issues and claims in this lawsuit, the requests are overly broad, unduly burdensome, expensive, oppressive, and disproportionate to the

needs of the case.  To that same extent, the requests invade the privacy interests of non-parties to the suit.  Defendant objects insofar as the probative value, if any, of the information sought is substantially outweighed by the effort and expense required for Defendant to comply with the requests, as written.

Defendant incorporates his General Objections into his responses, below.

## INTERROGATORIES

**1.     Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.**

**Response**:  Defendant objects to this interrogatory as it is vague and ambiguous in its use of the phrase, "assisting in any way with the preparation" of these responses.  This interrogatory is also overly broad and disproportionate to the needs of the case to the extent it seeks identification of persons that assisted "in any way" with the "preparation" of these responses, regardless of whether any such assistance was merely administrative or clerical in nature.  Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, Defendant, his attorneys, and DCSO Internal Affairs Lieutenant Phil Domenico.


**2.     Describe in detail each and every material reason you had for terminating Plaintiff's employment at the time you made the decision and identify each person with knowledge of such reason(s) and all Documents substantiating such reason(s).**

**Response**:     Defendant objects to this interrogatory as it is unduly burdensome,

disproportionate to the needs of the case, and an improper contention/blockbuster interrogatory because it purports to require Defendant to marshal all evidence and documents, identify all witnesses, and/or provide a detailed narrative. Defendant also objects to this interrogatory to the extent it improperly requires Defendant to investigate and determine whether and which persons may possess knowledge or information regarding the subject. This interrogatory is also vague and ambiguous in that it is unclear whether it seeks identification of each person who knows why Plaintiff's employment was terminated or simply persons who possess knowledge of events and/or circumstances that led to Plaintiff's termination. Likewise, this interrogatory is vague and ambiguous in that it is unclear whether it seeks identification of each person possessing "all documents substantiating such reasons" or simply identification of "all documents substantiating such reasons." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, Defendant terminated Plaintiff's employment because she failed to support the Sheriff's vision, mission, and values; failed to fulfill her job duties in a manner consistent therewith; repeatedly overstated her authority; and violated numerous Douglas County Sheriff's Office ("DCSO") policies, including but not limited to the Law Enforcement Code of Ethics. Plaintiff's behavior and subversion of the Sheriff's authority generated a lack of trust in her professional judgment and integrity, and her devotion to duty.

Plaintiff exhibited behavior that was contrary to the expected devotion to duty, collaborative spirit, and organizational unity of DCSO. As a Captain, Plaintiff consistently objected to and complained about the on-call command structure established by Chief Duffy (her superior and direct supervisor) and the fact that she was not exempt from the on-call requirement,

which generally applied to all Captains. Plaintiff objected to his assignment to serve as the Sheriff's representative for the Unified Metropolitan Forensic Crime Laboratory (UMFCL) and objected to him taking over coordination of UMFCL's quarterly board meetings, insisting that she should perform these duties instead. Plaintiff alleged that Chief Duffy lacked authority to meet with Lieutenants outside of her presence and accused him of acting disrespectfully in soliciting information or ideas from her subordinates outside of her presence. Plaintiff exhibited a negative attitude and demeanor toward her superior and exhibited unprofessional behavior that was contrary to personal integrity, devotion to duty, and the spirit of collaboration of DCSO. Her behavior exhibited her inability to assimilate into her role as a Captain following her demotion from Undersheriff.

Plaintiff aggressively insisted on a particular schedule for Captains and argued that she should be reclassified as an "essential employee" so that she could receive overtime compensation. Her continued argumentative behavior and refusal to move past the issue was unreasonable and unprofessional; exhibited her inability to exercise reasonable judgment; violated DCSO's vision, mission, and values; generated a lack of trust in her ability to perform her duties consistent therewith; and made Defendant question her professional integrity.

Plaintiff, using her DCSO Twitter account, engaged in a "Twitter war" with a colleague, Captain Jensen, violating DCSO's policy prohibiting activities that bring discredit to DCSO, exhibiting her inability to exercise reasonable judgment, and calling her professional integrity and judgment into question. Plaintiff also instigated continuous conflicts with Captain Jensen, criticizing his management style in an adversarial nature, which resulted in tension and disruption within the Patrol division and hindered its operations.

Plaintiff violated the collaborative spirit of DCSO by independently setting meetings with IT supervisors and refusing to include other Captains in such meetings or to share solutions with her colleagues. Plaintiff failed to properly perform her duties when reviewing and approving deputy pursuits. She failed to do so despite specific instruction from her supervisor, Chief Duffy, regarding the same.

Plaintiff was inconsistent in supervising deputies and failed to properly advise and instruct them. Plaintiff demonstrated preferential treatment to friends for special assignments and violated standard operating procedures while assigned as a Captain to the Patrol division. Plaintiff demonstrated divisive behavior and a lack of leadership as Captain. She constantly made excuses for her subordinates who violated policy but was hypercritical of deputies who were not under her direct chain of command. Her behavior exhibited poor professional judgment and generated lack of trust.

Plaintiff continuously overstated her authority and challenged decisions made by her superiors. She objected to her superiors' decision to allow uniformed deputies to wear facial hair, arguing that the decision should have been hers instead.

Plaintiff exhibited a lack of respect for the administrative decisions of DCSO. Plaintiff refused to vacate her office in the Patrol division upon her assignment to the Detentions division. Despite numerous requests, she remained in her office for approximately three weeks after she was informed to vacate. Plaintiff argued against Chief Johnson and Undersheriff Walcher's decision to transfer a deputy to another shift, despite verbal admonishments to cease interrupting and interfering with the transfer. Plaintiff's action was meritless and based solely on her personal dislike for that employee. Her behavior was unprofessional and in violation of the DCSO's vision,

mission, and values. Defendant's response to this interrogatory may be supplemented by deposition testimony.

In any addition to the individuals identified above, the following persons possess knowledge regarding one or more of these matters: Plaintiff Holly Kluth and Defendant Sheriff Spurlock. *See* the documents and materials previously identified and/or produced by Defendant in this action, including but not limited to, **DCSO 974-1658** (documents associated with Plaintiff's personnel file, including **1146-47** (Incident Details Report)**), 1659-1708** (Douglas County Government Employee Handbook), **1709-13** (Captain job description), **1714-47** (DCSO Policies and Procedures).

3. **Describe in detail each and every material reason you acquired after Plaintiff's termination that you contend supports your termination [sic] Plaintiff's employment and identify each person with knowledge of such reason(s) and all Documents substantiating such reason(s).**

**Response**: Defendant objects to this interrogatory as it is unduly burdensome, disproportionate to the needs of the case, and an improper contention/blockbuster interrogatory because it purports to require Defendant to marshal all evidence and documents, identify all witnesses, and/or provide a detailed narrative. Defendant also objects to this interrogatory to the extent it improperly requires Defendant to investigate and determine whether and which persons may possess knowledge or information regarding the subject. This interrogatory is also vague and ambiguous in that it is unclear whether it seeks identification of each person possessing "all documents substantiating such reasons" or simply identification of "all documents substantiating

such reasons." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, as a result of an internal affairs investigation (21IA-024), Plaintiff was found to have violated the following DCSO policies: P&P C-101(I)(B) – Conformance to Law; P&P C-101(II)(J) – Unlawful Orders; P&P C-101(III)(A) – Commission of a Deceptive Act; and P&P C-101(IV)(A) – Removal of Records. *See* DCSO 960, 967-73.

Plaintiff ordered a subordinate, Robert McMahan, to delete some of her personnel records from her Guardian Tracking (G/T) database. When this occurred, they both were employees at DCSO; Plaintiff was the Undersheriff and McMahan was the Chief Deputy of Professional Standards. Plaintiff was McMahan's direct supervisor. Neither Plaintiff nor McMahan was authorized to remove official records from any G/T database. The records removed from Plaintiff's G/T database personnel file would be disparaging not only to her personal reputation but also to her campaign to become the next elected Sheriff of Douglas County.

Persons identified in Defendant's disclosure pleadings, including but not limited to the following, may possess some knowledge or information concerning the subject: Plaintiff Holly Kluth; Defendant Sheriff Spurlock; DCSO Captain of Professional Standards Jason Kennedy; DCSO Administrative Assistant Kathleen Moreland; DCSO Lieutenant Tommy Barrella; DCSO Internal Affairs Lieutenant Phil Domenico; DCSO Lieutenant Laurie Anderson; retired DCSO Administrative Assistant Susan Castellano; DCSO Internal Affairs Sergeant Mike Joachim; DCSO Internal Affairs Sergeant Anthony Arutunov; DCSO Captain of Support Services Myra Buys; DCSO Applications Specialist – Technology Support Anne Weekly; DCSO Hiring Technician

Taylor West; DCSO CJRA Support Specialist Michelle Trujillo; Robert McMahan, 9753 Fairway Glen Dr. Peyton, CO 80831; Mitchell Puraty, Jefferson County Sheriff's Office, and Chris Felton, Jefferson County Sheriff's Office.

*See* documents and materials previously identified and/or produced by Defendant in this action, including but not limited to, **DCSO 000253-973** (documents and video/audio files generated or collected as evidence in the Internal Affairs Investigation 21IA-024), **974-1658** (documents associated with Plaintiff's personnel file), **1659-1708** (Douglas County Government Employee Handbook), **1709-13** (Captain job description), **1714-47** (DCSO Policies and Procedures). *See also* **DCSO 001821** (Video of Kathy Moreland's interview for 21IA-024 - CONFIDENTIAL).

**4.      Identify each and every person you communicated with, involved, consulted with, or relied on in deciding to terminate Plaintiff's employment and describe in detail the role of each such individual with respect to her termination.**

**Response**:  Defendant objects to this interrogatory as it is vague and ambiguous in its use of the phrase, "the role of each such individual with respect to her termination."  Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections: (1) Laura Leavy, in her role as Director of Douglas County Human Resources regarding the process for compiling a severance package and particulars therein; (2) Dave Walcher, in his role as Undersheriff regarding Plaintiff's failure to support the Sheriff's vision, mission, and values, and regarding the severance package

offer to Plaintiff and her termination; and (3) Kelly Dunnaway, in his role as Deputy County Attorney regarding matters that are protected under the attorney-client privilege.

**5.** **Describe in detail each and every material reason you had for denying Plaintiff's request for credentials under the Law Enforcement Officers Safety Act of 2004 and identify each person with knowledge of such reason(s) and identify all Documents substantiating such reason(s).**

**<u>Response</u>**: Defendant objects to this interrogatory to the extent it seeks a legal conclusion or purports to require Defendant to research and analyze the referenced Act and/or to provide a legal conclusion as to each and every material reason that was available for denial of Plaintiff's "request for credentials" under the Act. Defendant also objects to this interrogatory as it is unduly burdensome, disproportionate to the needs of the case, and an improper contention/blockbuster interrogatory because it purports to require Defendant to marshal all evidence and documents, identify all witnesses, and/or provide a detailed narrative. Defendant further objects to this interrogatory to the extent it seeks information or identification of documents protected under the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, Plaintiff was not a "qualified retired law enforcement officer" as defined under 18 U.S.C. § 926C(c) because she was terminated and not separated in good standing from service with the DCSO. *See* 18 U.S.C. § 926C and documents and materials produced by Defendant.

**6.** Describe with particularity each job duty performed by the Captain of Detentions position that you contend requires political affiliation with, or political loyalty to, the incumbent sheriff, and identify each Document substantiating such requirement.

**Response**: Defendant objects to this interrogatory as it is vague and ambiguous in its use of the undefined terms, "political affiliation" and "political loyalty."

Subject to and without waiving the foregoing objection, Defendant does not so contend.

**7.** Identity [sic] each complaint, internal investigation, and/or personnel action occurring after July 1, 2014 involving alleged violation(s) of any of the following DCSO policies, and identify each document referring to or concerning such complaint, internal investigation, and/or personnel action:

    **a.** P&P C-101(II)(EE) (Participating in Election Campaigns)

    **b.** P&P C-101(II)(U) (On- and Off- Duty Conduct)

    **c.** P&P C-101(II)(CC) (Exercising Discretion)

    **d.** P&P C-100(XV) (Responsibility for Conduct)

    **e.** P&P B-127(III) (Internet Social Networking and Personal Websites)

**Response**: Defendant objects to this interrogatory as it is overly broad to the extent it seeks identification of each document "referring to or concerning" the subject regardless of any such document's lack of relevance or significance to the claims and defenses at issue in this action. As such, this interrogatory is also unduly burdensome and disproportionate to the needs of the case. This interrogatory is also temporally overly broad in that it seeks such information for a period spanning almost eight years. Further, this interrogatory is compound and each sub-paragraph

consists of a separate interrogatory that inquires of a distinct subject. Accordingly, each sub-paragraph of this interrogatory counts toward the court-imposed limit on the number of interrogatories that Plaintiff is permitted to propound in this action. Defendant also objects to this interrogatory as it seeks personal and personnel information of non-parties and information in which they have a privacy interest. This interrogatory is also an impermissible fishing expedition. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

**8.** **Identify and describe the substance each communication between you and Robert McMahan from the time he retired from the ACSO to the present.**

**Response**: Defendant objects to this interrogatory as it is vague and ambiguous in its use of the undefined term "ACSO." This interrogatory is also overly broad in that it seeks the substance of "each communication" even if it is irrelevant to the claims and defenses at issue.

Subject to and without waiving the foregoing objections, the only conversations Defendant has had with Mr. McMahan during the subject time frame have been strictly personal in nature, related to Mr. McMahan's personal life, employment status, and move back to Colorado.

**9.** **Describe with particularity the material factual basis for your Affirmative Defense number 17 in your Answer of February 18, 2022, that "Plaintiff may have failed to mitigate her damages, if any, as required by law."**

**Response**: Defendant objects to this interrogatory as it is an improper and premature contention/blockbuster interrogatory because it purports to require Defendant to marshal all

evidence and provide a detailed narrative prior to the completion of discovery. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both. This interrogatory is also improper in that it requests legal analysis from a layperson and/or a public entity. Defendant, through counsel, asserted defenses to Plaintiff's claims in this case based on advice of counsel and applicable legal principles.

Subject to and without waiving the foregoing objections, Plaintiff failed to seek and/or obtain treatment for any alleged mental and/or emotional injuries. Plaintiff may have also failed to seek and/or obtain other employment after her termination. Information and documents identified in Defendant's Rule 26(a)(1) disclosures, Plaintiff's responses to written discovery requests, documents disclosed by Plaintiff in this case, and any additional information or documents that have been produced or may be produced during discovery in this action support the defense.

Dated this 20th day of May 2022.

Respectfully submitted,

*s/ William T. O'Connell, III*
William T. O'Connell, III
Saugat K. Thapa
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: 303-830-1212
Email: woconnell@warllc.com;
sthapa@warllc.com

**ATTORNEYS FOR DEFENDANT TONY SPURLOCK**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2022, a true and correct copy of the above and foregoing **DEFENDANT TONY SPURLOCK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**, along with a link including a video, DCSO 001821, were e-served to the following e-mail addresses:

Felipe Bohnet-Gomez, Esq.
Matthew J. Cron, Esq.
Siddhartha H. Rathod, Esq.
**RATHOD MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, CO  80205
fbg@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com

*Attorneys for Plaintiff*

*s/ Hannah Hibbs*
Hannah Hibbs, Paralegal

## VERIFICATION

I have read the foregoing answers to Plaintiff's First Set of Interrogatories and state under penalty of perjury that they are true and correct to the best of my knowledge and belief.

Dated this _19th_ day of May, 2022.

By _____
      Tony Spurlock
      Douglas County Sheriff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-3417-NYW

HOLLY KLUTH,

      Plaintiff,

v.

TONY SPURLOCK,
Individually and in his official capacity as Douglas County Sheriff,

      Defendant.

---

## DEFENDANT TONY SPURLOCK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Defendant Tony Spurlock, individually and in his official capacity as Douglas County Sheriff, by and through his counsel, William T. O'Connell, III and Saugat K. Thapa of Wells, Anderson & Race, LLC, hereby submits his Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant Tony Spurlock (supplements are bolded and italicized) as follows:

## GENERAL OBJECTIONS

Defendant objects to Plaintiff's First Set of Interrogatories to the extent it requests responses different from, or in addition to, the requirements of the Federal Rules of Civil Procedure. Defendant will respond as required by the Federal Rules of Civil Procedure.

Defendant objects to Plaintiff's First Set of Interrogatories to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiff has gone beyond the relevant issues and claims in this lawsuit, the requests are overly broad, unduly burdensome, expensive, oppressive, and disproportionate to the

needs of the case. To that same extent, the requests invade the privacy interests of non-parties to the suit. Defendant objects insofar as the probative value, if any, of the information sought is substantially outweighed by the effort and expense required for Defendant to comply with the requests, as written.

Defendant incorporates his General Objections into his responses, below.

## INTERROGATORIES

**1.     Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.**

**Response**: Defendant objects to this interrogatory as it is vague and ambiguous in its use of the phrase, "assisting in any way with the preparation" of these responses. This interrogatory is also overly broad and disproportionate to the needs of the case to the extent it seeks identification of persons that assisted "in any way" with the "preparation" of these responses, regardless of whether any such assistance was merely administrative or clerical in nature. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, Defendant, his attorneys, and DCSO Internal Affairs Lieutenant Phil Domenico.


**2.     Describe in detail each and every material reason you had for terminating Plaintiff's employment at the time you made the decision and identify each person with knowledge of such reason(s) and all Documents substantiating such reason(s).**

**Response**:     Defendant objects to this interrogatory as it is unduly burdensome,

disproportionate to the needs of the case, and an improper contention/blockbuster interrogatory because it purports to require Defendant to marshal all evidence and documents, identify all witnesses, and/or provide a detailed narrative. Defendant also objects to this interrogatory to the extent it improperly requires Defendant to investigate and determine whether and which persons may possess knowledge or information regarding the subject. This interrogatory is also vague and ambiguous in that it is unclear whether it seeks identification of each person who knows why Plaintiff's employment was terminated or simply persons who possess knowledge of events and/or circumstances that led to Plaintiff's termination. Likewise, this interrogatory is vague and ambiguous in that it is unclear whether it seeks identification of each person possessing "all documents substantiating such reasons" or simply identification of "all documents substantiating such reasons." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, Defendant terminated Plaintiff's employment because she failed to support the Sheriff's vision, mission, and values; failed to fulfill her job duties in a manner consistent therewith; repeatedly overstated her authority; and violated numerous Douglas County Sheriff's Office ("DCSO") policies, including but not limited to the Law Enforcement Code of Ethics. Plaintiff's behavior and subversion of the Sheriff's authority generated a lack of trust in her professional judgment and integrity, and her devotion to duty.

Plaintiff exhibited behavior that was contrary to the expected devotion to duty, collaborative spirit, and organizational unity of DCSO. As a Captain, Plaintiff consistently objected to and complained about the on-call command structure established by Chief Duffy (her superior and direct supervisor) and the fact that she was not exempt from the on-call requirement,

which generally applied to all Captains. Plaintiff objected to his assignment to serve as the Sheriff's representative for the Unified Metropolitan Forensic Crime Laboratory (UMFCL) and objected to him taking over coordination of UMFCL's quarterly board meetings, insisting that she should perform these duties instead. Plaintiff alleged that Chief Duffy lacked authority to meet with Lieutenants outside of her presence and accused him of acting disrespectfully in soliciting information or ideas from her subordinates outside of her presence. Plaintiff exhibited a negative attitude and demeanor toward her superior and exhibited unprofessional behavior that was contrary to personal integrity, devotion to duty, and the spirit of collaboration of DCSO. Her behavior exhibited her inability to assimilate into her role as a Captain following her demotion from Undersheriff.

Plaintiff aggressively insisted on a particular schedule for Captains and argued that she should be reclassified as an "essential employee" so that she could receive overtime compensation. Her continued argumentative behavior and refusal to move past the issue was unreasonable and unprofessional; exhibited her inability to exercise reasonable judgment; violated DCSO's vision, mission, and values; generated a lack of trust in her ability to perform her duties consistent therewith; and made Defendant question her professional integrity.

Plaintiff, using her DCSO Twitter account, engaged in a "Twitter war" with a colleague, Captain Jensen, violating DCSO's policy prohibiting activities that bring discredit to DCSO, exhibiting her inability to exercise reasonable judgment, and calling her professional integrity and judgment into question. Plaintiff also instigated continuous conflicts with Captain Jensen, criticizing his management style in an adversarial nature, which resulted in tension and disruption within the Patrol division and hindered its operations.

Plaintiff violated the collaborative spirit of DCSO by independently setting meetings with IT supervisors and refusing to include other Captains in such meetings or to share solutions with her colleagues. Plaintiff failed to properly perform her duties when reviewing and approving deputy pursuits. She failed to do so despite specific instruction from her supervisor, Chief Duffy, regarding the same.

Plaintiff was inconsistent in supervising deputies and failed to properly advise and instruct them. Plaintiff demonstrated preferential treatment to friends for special assignments and violated standard operating procedures while assigned as a Captain to the Patrol division. Plaintiff demonstrated divisive behavior and a lack of leadership as Captain. She constantly made excuses for her subordinates who violated policy but was hypercritical of deputies who were not under her direct chain of command. Her behavior exhibited poor professional judgment and generated lack of trust.

Plaintiff continuously overstated her authority and challenged decisions made by her superiors. She objected to her superiors' decision to allow uniformed deputies to wear facial hair, arguing that the decision should have been hers instead.

Plaintiff exhibited a lack of respect for the administrative decisions of DCSO. Plaintiff refused to vacate her office in the Patrol division upon her assignment to the Detentions division. Despite numerous requests, she remained in her office for approximately three weeks after she was informed to vacate. Plaintiff argued against Chief Johnson and Undersheriff Walcher's decision to transfer a deputy to another shift, despite verbal admonishments to cease interrupting and interfering with the transfer. Plaintiff's action was meritless and based solely on her personal dislike for that employee. Her behavior was unprofessional and in violation of the DCSO's vision,

mission, and values. Defendant's response to this interrogatory may be supplemented by deposition testimony.

In any addition to the individuals identified above, the following persons possess knowledge regarding one or more of these matters: Plaintiff Holly Kluth and Defendant Sheriff Spurlock. *See* the documents and materials previously identified and/or produced by Defendant in this action, including but not limited to, **DCSO 974-1658** (documents associated with Plaintiff's personnel file, including **1146-47** (Incident Details Report))**, 1659-1708** (Douglas County Government Employee Handbook), **1709-13** (Captain job description), **1714-47** (DCSO Policies and Procedures).

*Notwithstanding the objections, Defendant has fully responded to this interrogatory*.

**3.**     **Describe in detail each and every material reason you acquired after Plaintiff's termination that you contend supports your termination [sic] Plaintiff's employment and identify each person with knowledge of such reason(s) and all Documents substantiating such reason(s).**

<u>**Response**</u>:     Defendant objects to this interrogatory as it is unduly burdensome, disproportionate to the needs of the case, and an improper contention/blockbuster interrogatory because it purports to require Defendant to marshal all evidence and documents, identify all witnesses, and/or provide a detailed narrative. Defendant also objects to this interrogatory to the extent it improperly requires Defendant to investigate and determine whether and which persons may possess knowledge or information regarding the subject. This interrogatory is also vague and ambiguous in that it is unclear whether it seeks identification of each person possessing "all

documents substantiating such reasons" or simply identification of "all documents substantiating such reasons."  Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, as a result of an internal affairs investigation (21IA-024), Plaintiff was found to have violated the following DCSO policies: P&P C-101(I)(B) – Conformance to Law; P&P C-101(II)(J) – Unlawful Orders; P&P C-101(III)(A) – Commission of a Deceptive Act; and P&P C-101(IV)(A) – Removal of Records.  *See* DCSO 960, 967-73.

Plaintiff ordered a subordinate, Robert McMahan, to delete some of her personnel records from her Guardian Tracking (G/T) database.  When this occurred, they both were employees at DCSO; Plaintiff was the Undersheriff and McMahan was the Chief Deputy of Professional Standards.  Plaintiff was McMahan's direct supervisor.  Neither Plaintiff nor McMahan was authorized to remove official records from any G/T database.  The records removed from Plaintiff's G/T database personnel file would be disparaging not only to her personal reputation but also to her campaign to become the next elected Sheriff of Douglas County.

Persons identified in Defendant's disclosure pleadings, including but not limited to the following, may possess some knowledge or information concerning the subject: Plaintiff Holly Kluth; Defendant Sheriff Spurlock; DCSO Captain of Professional Standards Jason Kennedy; DCSO Administrative Assistant Kathleen Moreland; DCSO Lieutenant Tommy Barrella; DCSO Internal Affairs Lieutenant Phil Domenico; DCSO Lieutenant Laurie Anderson; retired DCSO Administrative Assistant Susan Castellano; DCSO Internal Affairs Sergeant Mike Joachim; DCSO Internal Affairs Sergeant Anthony Arutunov; DCSO Captain of Support Services Myra Buys;

DCSO Applications Specialist – Technology Support Anne Weekly; DCSO Hiring Technician Taylor West; DCSO CJRA Support Specialist Michelle Trujillo; Robert McMahan, 9753 Fairway Glen Dr. Peyton, CO 80831; Mitchell Puraty, Jefferson County Sheriff's Office, and Chris Felton, Jefferson County Sheriff's Office.

*See* documents and materials previously identified and/or produced by Defendant in this action, including but not limited to, **DCSO 000253-973** (documents and video/audio files generated or collected as evidence in the Internal Affairs Investigation 21IA-024), **974-1658** (documents associated with Plaintiff's personnel file), **1659-1708** (Douglas County Government Employee Handbook), **1709-13** (Captain job description), **1714-47** (DCSO Policies and Procedures). *See also* **DCSO 001821** (Video of Kathy Moreland's interview for 21IA-024 - CONFIDENTIAL).

*Notwithstanding the objections, Defendant has fully responded to this interrogatory*.


**4. Identify each and every person you communicated with, involved, consulted with, or relied on in deciding to terminate Plaintiff's employment and describe in detail the role of each such individual with respect to her termination.**

<u>**Response**</u>:  Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections: (1) Laura Leavy, in her role as Director of Douglas County Human Resources regarding the process for compiling a severance package and particulars therein; (2) Dave Walcher, in his role as Undersheriff regarding Plaintiff's failure to support the Sheriff's vision, mission, and values, and regarding the severance package

offer to Plaintiff and her termination; and (3) Kelly Dunnaway, in his role as Deputy County Attorney regarding matters that are protected under the attorney-client privilege.

*Notwithstanding the objection, Defendant has fully responded to this interrogatory*.

**5.**     **Describe in detail each and every material reason you had for denying Plaintiff's request for credentials under the Law Enforcement Officers Safety Act of 2004 and identify each person with knowledge of such reason(s) and identify all Documents substantiating such reason(s).**

<u>Response</u>:  Defendant objects to this interrogatory to the extent it seeks information or identification of documents protected under the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objections, Plaintiff was not a "qualified retired law enforcement officer" as defined under 18 U.S.C. § 926C(c) because she was terminated and not separated in good standing from service with the DCSO.  *See* 18 U.S.C. § 926C and documents and materials produced by Defendant.

*Notwithstanding the objection, Defendant has fully responded to this interrogatory*.

**6.**     **Describe with particularity each job duty performed by the Captain of Detentions position that you contend requires political affiliation with, or political loyalty to, the incumbent sheriff, and identify each Document substantiating such requirement.**

<u>Response</u>:  Defendant objects to this interrogatory as it is vague and ambiguous in its use of the undefined terms, "political affiliation" and "political loyalty."

Subject to and without waiving the foregoing objection, Defendant does not so contend. *Notwithstanding the objection, Defendant has fully responded to this interrogatory*.


**7.** **Identity [sic] each complaint, internal investigation, and/or personnel action occurring after July 1, 2014 involving alleged violation(s) of any of the following DCSO policies, and identify each document referring to or concerning such complaint, internal investigation, and/or personnel action:**

> **a.** **P&P C-101(II)(EE) (Participating in Election Campaigns)**
>
> **b.** **P&P C-101(II)(U) (On- and Off- Duty Conduct)**
>
> **c.** **P&P C-101(II)(CC) (Exercising Discretion)**
>
> **d.** **P&P C-100(XV) (Responsibility for Conduct)**
>
> **e.** **P&P B-127(III) (Internet Social Networking and Personal Websites)**

<u>**Response**</u>: Defendant objects to this interrogatory as it is overly broad to the extent it seeks identification of each document "referring to or concerning" the subject regardless of any such document's lack of relevance or significance to the claims and defenses at issue in this action. As such, this interrogatory is also unduly burdensome and disproportionate to the needs of the case. Further, this interrogatory is compound and each sub-paragraph consists of a separate interrogatory that inquires of a distinct subject. Accordingly, each sub-paragraph of this interrogatory counts toward the court-imposed limit on the number of interrogatories that Plaintiff is permitted to propound in this action. Defendant also objects to this interrogatory as it seeks personal and personnel information of non-parties and information in which they have a privacy interest. This interrogatory is also an impermissible fishing expedition. Defendant further objects to this

interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or both.

*Per agreement of the Parties' respective counsel on June 14, 2022, this interrogatory is limited to responsive information for members of DCSO command staff. See DCSO 1908 – 2156 (18IA-004, Captain Brad Heyden)(CONFIDENTIAL); DCSO 2157 – 2189 (18IA-038, Captain James Jensen)(CONFIDENTIAL); DCSO 2190 – 2270 (20IA-028, Captain James Jensen)(CONFIDENTIAL), produced herein. With respect to 18IA-004 and 20IA-028, documents related to non-command staff/civilian employees under investigation (e.g., Notice of Complaint and Notification of Findings) have not been produced.*

8.      **Identify and describe the substance each communication between you and Robert McMahan from the time he retired from the ACSO to the present.**

<u>**Response**</u>:  Defendant objects to this interrogatory as it is vague and ambiguous in its use of the undefined term "ACSO."  This interrogatory is also overly broad in that it seeks the substance of "each communication" even if it is irrelevant to the claims and defenses at issue.

Subject to and without waiving the foregoing objections, the only conversations Defendant has had with Mr. McMahan during the subject time frame have been strictly personal in nature, related to Mr. McMahan's personal life, employment status, and move back to Colorado. *Defendant construes this interrogatory's reference to "ACSO" to be a typographical error that was meant to read "DCSO."  Defendant has not withheld any responsive information on the basis of this error.  Notwithstanding the objections, Defendant has fully responded to this interrogatory*.

**9.** Describe with particularity the material factual basis for your Affirmative Defense number 17 in your Answer of February 18, 2022, that "Plaintiff may have failed to mitigate her damages, if any, as required by law."

**Response**: Defendant objects to this interrogatory as it is improper in that it requests legal analysis from a layperson and/or a public entity. Defendant, through counsel, asserted defenses to Plaintiff's claims in this case based on advice of counsel and applicable legal principles.

Subject to and without waiving the foregoing objections, Plaintiff failed to seek and/or obtain treatment for any alleged mental and/or emotional injuries. Plaintiff may have also failed to seek and/or obtain other employment after her termination. Information and documents identified in Defendant's Rule 26(a)(1) disclosures, Plaintiff's responses to written discovery requests, documents disclosed by Plaintiff in this case, and any additional information or documents that have been produced or may be produced during discovery in this action support the defense. ***Notwithstanding the objection, Defendant has fully responded to this interrogatory***.

Dated this 23rd day of June 2022.

Respectfully submitted,

 s/ William T. O'Connell, III
William T. O'Connell, III
Saugat K. Thapa
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO  80290
Telephone: 303-830-1212
Email:  woconnell@warllc.com;
sthapa@warllc.com

**ATTORNEYS FOR DEFENDANT TONY SPURLOCK**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2022, a true and correct copy of the above and foregoing **DEFENDANT TONY SPURLOCK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**, along with a link to documents bates-numbered DCSO 001908-002270, were e-served to the following e-mail addresses:

Felipe Bohnet-Gomez, Esq.
Matthew J. Cron, Esq.
Siddhartha H. Rathod, Esq.
**RATHOD MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, CO  80205
fbg@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com

*Attorneys for Plaintiff*

_s/ Hannah Hibbs_
Hannah Hibbs, Paralegal