## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-3417-NYW

HOLLY KLUTH,

    Plaintiff,

v.

TONY SPURLOCK,
Individually and in his official capacity as Douglas County Sheriff,

    Defendant.
_____

## DEFENDANT TONY SPURLOCK'S RESPONSES TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES
_____

Defendant Tony Spurlock, individually and in his official capacity as Douglas County Sheriff, by and through his counsel, William T. O'Connell, III and Saugat K. Thapa of Wells, Anderson & Race, LLC, hereby submits his Responses to Plaintiff's Second Set of Interrogatories to Defendant Tony Spurlock as follows:

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's Second Set of Interrogatories to the extent it requests responses different from, or in addition to, the requirements of the Federal Rules of Civil Procedure. Defendant will respond as required by the Federal Rules of Civil Procedure.

Defendant objects to Plaintiff's Second Set of Interrogatories to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiff has gone beyond the relevant issues and claims in this lawsuit, the requests are overly broad, unduly burdensome, expensive, oppressive, and

disproportionate to the needs of the case. To that same extent, the requests invade the privacy interests of non-parties to the suit. Defendant objects insofar as the probative value, if any, of the information sought is substantially outweighed by the effort and expense required for Defendant to comply with the requests, as written.

Defendant incorporates his General Objections into his responses, below.[1]

## INTERROGATORIES

10. Identify each individual who was terminated from the DCSO without an internal affairs investigation from November 2014 to present.

**Response**: Defendant objects to this interrogatory as it is disproportionate to the needs of the case to the extent it seeks information irrelevant to the disputed issues in this case.

Subject to and without waiving these objections, the following response is CONFIDENTIAL pursuant to the terms of the Stipulated Protective Order. Plaintiff Holly Kluth.

11. For each individual identified in response to Interrogatory No. 10, describe the material circumstances and reasons for their termination.

**Response:** Defendant objects to this interrogatory as it is disproportionate to the needs of the case to the extent it seeks information irrelevant to the disputed issues in this case.

Subject to and without waiving these objections, see Defendant's response to interrogatory no. 2. See also Defendant's August 31, 2022 deposition testimony.

12. Identify each individual for which the DCSO made a Notification of Untruthfulness to Colorado Peace Officer Standards and Training, from November 2014 to present.

---

[1] Defendant has not withheld any responsive information pursuant to the General Objections or the objections asserted in each response.

**Response:** Defendant objects to this interrogatory as it is disproportionate to the needs of the case to the extent it seeks information irrelevant to the disputed issues in this case.

Subject to and without waiving these objections, the following response is CONFIDENTIAL pursuant to the terms of the Stipulated Protective Order. The Douglas County Sheriff's Office was not required to make Notifications of Untruthfulness, pursuant to Senate Bill 20-217, until January 1, 2022. Since that time, there have been four Notifications of Untruthfulness to POST: Plaintiff, Jonathan Aaron-Carrasco, Tiffany Marie Yacuta and Carley Morgan Jackson (in progress).

13. For each individual identified in response to Interrogatory No. 12, state with specificity the underlying material reason(s) why such notification was made.

**Response:** Defendant objects to this interrogatory as it is disproportionate to the needs of the case to the extent it seeks information irrelevant to the disputed issues in this case.

Subject to and without waiving these objections, the following response is CONFIDENTIAL pursuant to the terms of the Stipulated Protective Order.

1. Plaintiff: As the result of an Internal Affairs investigation, she was found SUSTAINED on the following policy violations: Conformance to Law, Unlawful Orders, Commission of a Deceptive Act and Removal of Records.

2. Jonathan Aaron Carrasco: As the result of an Internal Affairs investigation, he was found SUSTAINED on the following policy violations: Commission of a Deceptive Act, Use of Communication Equipment and Knowledge of Policy.

3. Tiffany Marie Yacuta: As the result of an Internal Affairs investigation, she was found SUSTAINED on the following policy violations: Commission of a Deceptive Act, Unsatisfactory Performance, Neglect of Duty and Duties of all Employees

4. Carley Morgan Jackson: As the result of an Internal Affairs investigation, she was found SUSTAINED on the following policy violations: Conformance to Law, Commission of a Deceptive Act, Fraternization and Transactions and Unsatisfactory Performance.

14. Describe the pay, bonuses, and benefits for the Patrol Captain and Detentions Captain positions at DCSO from 2021 to present.

**Response:** See DCSO 002678 - 002679 and DCSO Policy & Procedure Chapter L, Kluth 000633 – 000674. See also 2021 and 2022 "Guide to Benefits" Douglas County DCSO 002680 - 002713, produced herewith.

15. Describe with particularity the material factual basis for your Affirmative Defense number 4 in your Answer of February 18, 2022, that "Plaintiff's damages, if any, are the result of Plaintiff's own conduct, or the conduct of third parties over whom Sheriff Spurlock did not possess control or right of control and not by reason of any tortious or unconstitutional conduct of Sheriff Spurlock."

**Response:** Defendant objects to this interrogatory as it is improper in that it requests legal analysis from a layperson and/or public entity. Defendant, through counsel, asserted defenses to Plaintiff's claims in this case based on advice of counsel and applicable legal principles.

Subject to and without waiving the foregoing objection, to the extent Plaintiff has any damages, those damages were caused by Plaintiff's own conduct as Undersheriff, as described in the November 12, 2020 Notification of Findings/20IA-025, DCSO 000163 – 167, and November

4

16, 2020 memorandum from Sheriff Spurlock to Plaintiff regarding Discipline Ref: 20IA-0025, DCSO 000145 – 146, and as a Captain after her demotion in failing to support Sheriff Spurlock's vision, mission and values.  See also Defendant's response to interrogatory no. 2 and Defendant's August 31, 2022 deposition testimony.

16. Describe with particularity the material factual basis for your Affirmative Defense number 9 in your Answer of February 18, 2022, that "Any alleged misconduct or constitutional violation, if any, on the part of Sheriff Spurlock was not the proximate cause of Plaintiff's alleged injuries and damages."

**Response:** Defendant objects to this interrogatory as it is improper in that it requests legal analysis from a layperson and/or public entity.  Defendant, through counsel, asserted defenses to Plaintiff's claim in this case based on advice of counsel and applicable legal principles.

Subject to and without waiving the foregoing objection, see response to interrogatory no. 15.

17. Describe with particularity the material factual basis for your Affirmative Defense number 14 in your Answer of February 18, 2022, that "Plaintiff was provided all process she was due."

**Response:** Defendant objects to this interrogatory as it is improper in that it requests legal analysis from a layperson and/or public entity.  Defendant, through counsel, asserted defenses to Plaintiff's claim in this case based on advice of counsel and applicable legal principles.

Subject to and without waiving the foregoing objection, Plaintiff met with Sheriff Spurlock, Laura Leary and Captain Jason Kennedy on May 25, 2021.  During the meeting, Plaintiff was notified of the reason for her termination and was given an opportunity to respond.  Plaintiff

5

was also presented with a Separation Agreement which she refused to execute. Plaintiff was afforded post-termination appeal procedures which she waived by failing to file an appeal of her termination. See also Defendant's August 31, 2022 deposition testimony.

18. Describe with particularity the material factual basis for your Affirmative Defense number 18 in your Answer of February 18, 2022, that "Plaintiff's claims are barred in part or whole by the doctrines of unclean hands, waiver and/or estoppel.

**Response:** Defendant objects to this interrogatory as it is improper in that it requests legal analysis from a layperson and/or public entity. Defendant, through counsel, asserted defenses to Plaintiff's claim in this case based on advice of counsel and applicable legal principles.

Subject to and without waiving the foregoing objection, Plaintiff admitted to violating the five DCSO policies identified in the November 12, 2020 Notification of Findings/20IA-025, DCSO 000163 – 167, and November 16, 2020 memorandum from Sheriff Spurlock to Plaintiff regarding Discipline Ref: 20IA-0025, DCSO 000145 – 146. Plaintiff failed to reference in any respect her belief that her demotion from Undersheriff to Captain was motived by her political affiliation and political speech during her internal affairs interview with Lynn Johnson, her pre-disciplinary hearing with Sheriff Spurlock, her disciplinary hearing with Sheriff Spurlock, her November 16, 2020 memo to Sheriff Spurlock or her November 17, 2020 memo to Sheriff Spurlock. Moreover, it was discovered after Plaintiff's termination that Plaintiff ordered a subordinate, Robert McMahan, to delete portions of her personnel records from her Guardian Tracking (G/T) database in 2019. See also response to interrogatory no. 17 and Defendant's August 31, 2022 deposition testimony.

6

Dated this 9th day of September, 2022.

                              Respectfully submitted,

                              *s/ William T. O'Connell, III*
                              William T. O'Connell, III
                              Saugat K. Thapa
                              WELLS, ANDERSON & RACE, LLC
                              1700 Broadway, Suite 900
                              Denver, CO  80290
                              303-830-1212
                              Email: woconnell@warllc.com
                              Email: sthapa@warllc.com

                              **ATTORNEYS FOR DEFENDANT TONY SPURLOCK**

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2022, a true and correct copy of the above and foregoing **DEFENDANT TONY SPURLOCK'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**, along with a link to documents Bates-numbered **DCSO002680-DCSO002713**, were e-served on the following e-mail addresses:

Felipe Bohnet-Gomez, Esq.
Matthew J. Cron, Esq.
Siddhartha H. Rathod, Esq.
**RATHOD MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, CO 80205
fbg@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com

*Attorneys for Plaintiff*

                                      *s/ Joan E. Hoover*
                                      Joan E. Hoover