## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-3417-NYW

HOLLY KLUTH,

    Plaintiff,

v.

TONY SPURLOCK,
Individually and in his official capacity as Douglas County Sheriff,

    Defendant.

_____

## DEFENDANT TONY SPURLOCK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
_____

Defendant Tony Spurlock, individually and in his official capacity as Douglas County Sheriff, by and through his counsel, William T. O'Connell, III and Saugat K. Thapa of Wells, Anderson & Race, LLC, hereby submits his Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant Tony Spurlock (supplements are bolded and italicized) as follows:

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's First Set of Requests for Production to the extent it requests responses different from, or in addition to, the requirements of the Federal Rules of Civil Procedure. Defendant will respond as required by the Federal Rules of Civil Procedure.

Defendant objects to Plaintiff's First Set of Requests for Production to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiff has gone beyond the relevant issues and claims in this

lawsuit, the requests are overly broad, unduly burdensome, expensive, oppressive, and disproportionate to the needs of the case. To that same extent, the requests invade the privacy interests of non-parties to the suit. Defendant objects insofar as the probative value, if any, of the information sought is substantially outweighed by the effort and expense required for Defendant to comply with the requests as written.

Defendant incorporates his General Objections into his responses, below.

## REQUESTS FOR PRODUCTION

**1.     All documents identified, referred to, or relied on by you in your answers to Plaintiff's interrogatories.**

**Response**:  Defendant objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, the work-product doctrine, or both.

Subject to and without waiving the foregoing objection and excluding any documents subject to the attorney-client privilege and/or work product doctrine, produced. *Notwithstanding the objection*, *with the exception of any responsive documents subject to such privilege and/or protection, Defendant has not withheld any materials responsive to this request.*

**2.     All personnel action forms concerning Plaintiff.**

**Response**:  *See* **DCSO 001822-80**, produced herewith.  *Defendant has fully responded to this request*.

**3.     All Guardian Tracker audit trails, from January 1, 2019 to present, reflecting or concerning a file deletion by Robert McMahan or any other DCSO employee.**

**Response**:  Previously produced.  ***Defendant does not have any additional documents that are responsive to this request.***

4.      **All audio recordings, video recordings, and/or witness statements concerning any internal affairs investigation into Plaintiff.**

**Response**:   Defendant objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, work-product doctrine, or both.

Subject to and without waiving the foregoing objection and excluding any documents subject to the attorney-client privilege and/or work product doctrine, previously produced and *see also* **DCSO 001881-97** (CONFIDENTIAL) produced herewith.  ***Notwithstanding the objection, with the exception of any responsive documents subject to such privilege and/or protection, Defendant has not withheld any materials responsive to this request.***

5.      **All documents and communications from January 1, 2019 to present, including but not limited to emails and text messages, exchanged between you and any current or former DCSO employee or Douglas County employee concerning or referring to any personnel action or internal investigation of Plaintiff.**

**Response**:   Defendant objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, work-product doctrine, or both.

Subject to and without waiving the foregoing objection and excluding any documents subject to the attorney-client privilege and/or work product doctrine, produced.  ***Defendant has neither withheld nor produced any additional documents that are responsive to this request.***

*Defendant is still in the process of assessing whether any responsive communications between him and County Attorney Dunnaway exist. If such responsive documents are discovered, then Defendant shall identify them in a Privilege Log.* Defendant will supplement his disclosures if any additional *non-privileged* documents responsive to this request are hereafter located.

**6.    All documents and communications from January 1, 2019 to present, including but not limited to emails and text messages, exchanged between you and any current or former DCSO employee concerning or referring to Plaintiff's candidacy for Douglas County Sheriff.**

**Response**:   Defendant objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, work-product doctrine, or both.

Subject to and without waiving the foregoing objection and excluding any documents subject to the attorney-client privilege and/or work product doctrine, *see* **DCSO 001898-1901** produced herewith. *Defendant has not withheld any documents that are responsive to this request. Defendant is still in the process of assessing whether any responsive communications between him and County Attorney Dunnaway exist. If such responsive documents are discovered, then Defendant shall identify them in a Privilege Log.* Defendant will supplement his disclosures if any additional *non-privileged* documents responsive to this request are hereafter located.

**7.    All documents and communications from September 1, 2020 to present, including but not limited to emails and text messages, exchanged between you and any other**

**person concerning or referring to Plaintiff's September 2020 communications with Stu Parker and/or Chief Moore.**

**Response**: Defendant objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents and communications exchanged between Defendant and "any other person." Defendant also objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, work-product doctrine, or both.

Subject to and without waiving the foregoing objections and excluding any documents subject to the attorney-client privilege and/or work product doctrine, produced. *With the exception of any documents subject to such privilege and/or protection, Defendant has neither withheld nor produce any additional documents that are responsive to this request. Defendant is still in the process of assessing whether any responsive communications between him and County Attorney Dunnaway exist. If such responsive documents are discovered, then Defendant shall identify them in a Privilege Log.* Defendant will supplement his disclosures if any additional *non-privileged* documents responsive to this request are hereafter located.

8. **All documents and communications from September 1, 2020 to present, including but not limited to emails and text messages, exchanged between you and any other person concerning or referring to Plaintiff's September 2020 Facebook post pledging her support for conservative candidates.**

**Response**: Defendant objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents and communications

5

exchanged between Defendant and "any other person." Defendant also objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, work-product doctrine, or both.

Subject to and without waiving the foregoing objections and excluding any documents subject to the attorney-client privilege and/or work product doctrine, produced and *see also* **DCSO 001902-07**, produced herewith. *With the exception of any documents subject to such privilege and/or protection, Defendant has not withheld any documents that are responsive to this request. Defendant is still in the process of assessing whether any responsive communications between him and County Attorney Dunnaway exist. If such responsive documents are discovered, then Defendant shall identify them in a Privilege Log.* Defendant will supplement his disclosures if any additional *non-privileged* documents responsive to this request are hereafter located.

**9. All documents and communications from January 1, 2019 to present, including but not limited to emails and text messages, exchanged between you and any current or former DCSO employee concerning or referring to Plaintiff's candidacy for Douglas County Sheriff.**

<u>Response</u>: Defendant incorporates herein by reference his objection and response to Request for Production No. 6, above.

**10. All documents and communications, including but not limited to emails and text messages exchanged between you and any current or former Douglas County Employee concerning or referring to Plaintiff's termination or severance.**

6

**Response**:  Defendant objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, work-product doctrine, or both.

Subject to and without waiving the foregoing objection and excluding any documents subject to the attorney-client privilege and/or work product doctrine there are no responsive documents.  ***Defendant is still in the process of assessing whether any responsive communications between him and County Attorney Dunnaway exist.  If such responsive documents are discovered, then Defendant shall identify them in a Privilege Log.***  Defendant will supplement his disclosures if any additional ***non-privileged*** documents responsive to this request are hereafter located.

**11.** **All documents and communications, including but not limited to text messages and emails, evidencing the material factual basis for your Affirmative Defense number 17 in your Answer of February 18, 2022, that "Plaintiff may have failed to mitigate her damages, if any, as required by law."**

**Response**:  Defendant objects to this request as it is improper in that it requires legal analysis from a layperson and/or a public entity. Defendant, through counsel, asserted defenses to Plaintiff's claims in this case based on advice of counsel and applicable legal principles, which are self-evident and require no further clarification.  Defendant also objects to this request to the extent the requested document(s) or information are available to Plaintiff or the same is within the Plaintiff's possession, custody, or control.  Defendant further objects to this request to the extent it seeks documents or information protected under the attorney-client privilege, the work-product doctrine, or both.

7

Subject to and without waiving the foregoing objections, *see* Defendant's response to Interrogatory No. 9.  ***Defendant has not withheld any documents that are responsive to this request.***

Dated this 23rd day of June 2022.

Respectfully submitted,

 s/ William T. O'Connell, III
William T. O'Connell, III
Saugat K. Thapa
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO  80290
Telephone: 303-830-1212
Email: woconnell@warllc.com;
sthapa@warllc.com

**ATTORNEYS FOR DEFENDANT TONY SPURLOCK**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 23, 2022, a true and correct copy of the above and foregoing **DEFENDANT TONY SPURLOCK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was e-served to the following e-mail addresses:

Felipe Bohnet-Gomez, Esq.
Matthew J. Cron, Esq.
Siddhartha H. Rathod, Esq.
**RATHOD MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, CO  80205
fbg@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com

*Attorneys for Plaintiff*

    *s/ Hannah Hibbs*
    Hannah Hibbs, Paralegal