CONFIDENTIAL



# DOUGLAS COUNTY SHERIFF'S OFFICE
## INTERNAL AFFAIRS

### NOTIFICATION OF FINDINGS / 21IA-024

DATE: February 1, 2022
TO: Holly Nicholson-Kluth
FROM: Lieutenant Phil Domenico
SUBJECT: **DISPOSITION**

The investigation of alleged misconduct has been completed. The final disposition is shown below.

| SECTION # | NATURE OF VIOLATION | DISPOSITION |
|---|---|---|
| P&P C-101(I)(B) | Conformance to Law | SUSTAINED |
| P&P C-101(II)(J) | Unlawful Orders | SUSTAINED |
| P&P C-101(III)(A) | Commission of a Deceptive Act | SUSTAINED |
| P&P C-101(IV)(A) | Removal of Records | SUSTAINED |

## Summary

Nicholson-Kluth ordered her subordinate McMahan to delete some of her personnel records from her Guardian Tracking (G/T) database. When this occurred, they both were employees at DCSO; Nicholson-Kluth was the Undersheriff and McMahan was the Chief Deputy of Professional Standards. Nicholson-Kluth was the direct supervisor of McMahan. Neither Nicholson-Kluth nor McMahan was authorized to remove official records from **any** G/T database. The records removed from Nicholson-Kluth's G/T database personnel file would be disparaging not only to her personal reputation but also to her campaign to become the next elected Sheriff of Douglas County.

## Standard of Conduct / Policy

### P&P C-101(I)(B) Conformance to Law

*Office employees shall obey all laws of the United States and of any State or local jurisdiction in which they are present.*

*The dismissal or other disposition of any criminal offense shall not prevent the Administration from bringing charges against the affected employee.*

*A conviction for the violation of any law shall be prima facie evidence of a violation of this policy. The material elements constituting a violation of these policies to be proven shall be based upon the elements of law, statute or ordinance alleged to have been violated and through a preponderance of evidence.*

## DOUGLAS COUNTY SHERIFF'S OFFICE
### INTERNAL AFFAIRS

#### NOTIFICATION OF FINDINGS / 21IA-024

**Evidence Supporting (including, but not limited to)**

- Nicholson-Kluth's actions in this case satisfy the elements of Colorado Revised Statute (CRS) 18-8-404(1) *First-Degree Official Misconduct* in that she knowingly facilitated the deletion of some of her personnel records from the G/T database by "ordering" McMahan to delete those records.

- The records deleted would have been disparaging not only to her personal reputation but also to her campaign to become the next elected Sheriff of Douglas County.

- Nicholson-Kluth was not authorized to delete any official records from a personnel database and facilitating such for her own personnel record constituted an unauthorized exercise of her official function.

- Nicholson-Kluth's actions in this case satisfy the elements of CRS 18-5.5-102(1) *Cybercrime* in that she (through McMahan) used a computer network in excess of authorized access.

- The criminal investigation conducted by members of the Jefferson County Sheriff's Office (JCSO) found probable cause to present a case filing to the District Attorney's Office for the above referenced CRS statutes.

- To satisfy a violation of this policy, I note that the elements of the referenced CRS statutes need only be proven based upon a preponderance of the evidence.

**Evidence Refuting**

- The Office of the District Attorney, 18th Judicial District issued a letter dated October 25, 2021 in which was stated that charges against Nicholson-Kluth would not be filed. The letter went on to state that the statute of limitations has run on any potential charges and that they believed the evidence was insufficient for a reasonable likelihood of success at trial (**beyond a reasonable doubt**).

- Nicholson-Kluth has publicly denied that she ordered another employee to delete her personnel records.

**Conclusion**

Nicholson-Kluth engaged in and facilitated actions that meet the elements of CRS 18-8-404(1) *First-Degree Official Misconduct* and 18-5.5-102(1) *Cybercrime*. Through clear and convincing evidence, she is found **SUSTAINED** on the policy violation of *Conformance to Law*.

## DOUGLAS COUNTY SHERIFF'S OFFICE
## INTERNAL AFFAIRS

### NOTIFICATION OF FINDINGS / 21IA-024

**Standard of Conduct / Policy**

**P&P C-101(II)(J) Unlawful Orders**

*No supervisor shall knowingly issue any order which a violation of is or tends to nullify any law or ordinance. No member of this Office is required to obey any order which is contrary to federal, state, county or local law or ordinance.*

**Evidence Supporting (including, but not limited to)**

- The audit trail for the deletion of Nicholson-Kluth's personnel records from her G/T database shows that she accessed that file on April 17, 2019 at 1135 hours to view those records.

- That same audit trail shows that McMahan accessed that file on April 23, 2019 at 1555 hours to view those records and at 1601 hours McMahan deleted the folder titled *Prior Yellow File*.

- The records contained in the *Yellow File* folder included, but was not limited to, Nicholson-Kluth's Personal History Questionnaire (Employment Application); Background Investigation; Polygraph Examination; Psychological Evaluation; Memo from Park County Sheriff Robert K. Harrison; Park County Sheriff's Office Offense Report #8800688 and an NCIC / CCIC teletype to Park County Sheriff's Office requesting the report involving Nicholson-Kluth in which there was "a domestic fight with weapons involved."

- That same audit trail shows that Nicholson-Kluth accessed that file on July 31, 2019 at 1347 hours.

- When interviewed by JeffCo Investigators, McMahan stated that he was "ordered" by Nicholson-Kluth (his immediate supervisor) to delete some of her personnel records from her G/T database personnel file. McMahan made a point to state that Nicholson-Kluth "didn't ask me, she ordered me, she told me." referring to his deleting of her file.

- The audit trail evidence supports McMahan's statements that Nicholson-Kluth knew what was contained in her G/T database personnel file, ordered him to delete those records and that she accessed her G/T personnel file after the fact presumably to ensure those records were no longer in the file.

**Evidence Refuting**

- Nicholson-Kluth has publicly denied that she ordered another employee to delete her personnel records.

# DOUGLAS COUNTY SHERIFF'S OFFICE
## INTERNAL AFFAIRS
### NOTIFICATION OF FINDINGS / 21IA-024

## Conclusion

Nicholson-Kluth ordered McMahan to delete official records from her G/T database personnel file. In doing so, she satisfied the elements of two Colorado Revised Statutes (First-Degree Official Misconduct and Cybercrime). Consequently, she issued an "order" which was a violation of law. Through clear and convincing evidence, she is found **SUSTAINED** on the policy violation of *Unlawful Orders*.

## Standard of Conduct / Policy

### P&P C-101(III)(A) Commission of a Deceptive Act

*Commission of a Deceptive Act*
*Members shall not knowingly make a misleading or inaccurate statement relating to their official duties. Members shall not willfully, intentionally, or knowingly commit a materially deceptive act, including but not limited to verbally departing from the truth, making a false report, or intentionally omitting information. This applies to untruthfulness violations that are made to a supervisor or command officer, that impact an official investigation or other proceeding, or that amount to a willful disregard of the Office's core values of honesty, integrity, and accountability.*

*Any member who commits a deceptive act is subject to termination. A factor that may be considered in mitigation is that the untruthfulness would or may not have been discovered had not the member come forward and made truthful the statement. However, the reverse will be true for a member who knowingly withholds information they knew should have been disclosed. The commission of a deceptive act will justifiably raise questions of the integrity and trustworthiness of any member. Further, in the case of commissioned personnel, such instances may also have to be disclosed to the District Attorney's Office in order for prosecutors to meet their discovery obligations.*

## Evidence Supporting (including, but not limited to)

- Nicholson-Kluth indicated on her Personal History Questionnaire (PHQ / Employment Application) that she worked for the Arapahoe County Sheriff's Office when in fact she did not. As a "Corrections Technician", she worked for the Arapahoe Community Treatment Center, which is not affiliated with the Sheriff's Office.

- Nicholson-Kluth omitted from her PHQ / Employment Application the Domestic Violence / Felony Menacing incident with her former husband (Park County Sheriff's Office Offense Report #8800688) which occurred on May 29, 1988; only five months before she was hired by DCSO.

- Nicholson-Kluth engaged in a deceptive act when she ordered McMahan to delete some of her personnel records from her G/T database.

Defendant's Response to Plaintiff's Motion for Partial Summary Judgment Exhibit Y

DCSO 000970

## DOUGLAS COUNTY SHERIFF'S OFFICE
### INTERNAL AFFAIRS

#### NOTIFICATION OF FINDINGS / 21IA-024

- Nicholson-Kluth engaged in a "materially deceptive act" by "omitting information" (deleting) from her personnel G/T database records that would have been disparaging to not only to her personal reputation but also to her campaign to become the next elected Sheriff of Douglas County.

- An article published by 9NEWS on December 28, 2021 states that Nicholson-Kluth was unaware of the 1988 Park County Case and that she didn't know about this Internal Affairs investigation.

- When Nicholson-Kluth accessed and viewed her G/T database personnel file on April 17, 2019 the Park County Sheriff's Office Offense Report #8800688 was contained in that database.

- On November 22, 2021 Nicholson-Kluth was contacted via email through her attorney and offered the opportunity to be interviewed by Internal Affairs relative to this case.

- That same day (November 22, 2021) her attorney replied via email with a letter attached that stated, in part "Ms. Kluth respectfully declines your request and specifically asks that this letter become part of any IA investigation file."

### Evidence Refuting

- Nicholson-Kluth has publicly denied that she ordered another employee to delete her personnel records.

### Conclusion

Nicholson-Kluth was deceptive in her PHQ about her employment with the Arapahoe County Sheriff's Office and she omitted information about a Domestic Violence case in which she was listed as a suspect that occurred only five months before she was hired. She ordered a subordinate to delete some of her personnel records from a computer database. She stated publicly that she was unaware of an Offense Report in which she had accessed the database containing that report and subsequently, that Offense Report was deleted from that database. She denied knowledge of an Internal Affairs investigation in which she was offered the opportunity to be interviewed in that case one month prior and declined that opportunity. Through clear and convincing evidence, she is found **SUSTAINED** on the policy violation of *Commission of a Deceptive Act*.

# DOUGLAS COUNTY SHERIFF'S OFFICE
## INTERNAL AFFAIRS

### NOTIFICATION OF FINDINGS / 21IA-024

**Standard of Conduct / Policy**

**P&P C-101(IV)(A) Removal of Records**

*Removal of Records*
*Members shall not remove, or otherwise extract any official record or report or any copy thereof from the Office except as authorized. When a report is filed with this Office, it becomes an official record. Only Records personnel, in accordance with their standard operating procedures and applicable state statutes, shall release official records. Office personnel are authorized to print copies of reports from the imaging system as needed for the completion and/or performance of their assigned duties, as authorized by this Office and in accordance with applicable state statutes regarding official records.*

**Evidence Supporting (including, but not limited to)**

- All documentation that is submitted when an employee is hired by the Sheriff's Office becomes part of the respective employee's personnel record. Therein, that documentation becomes the property of the Sheriff's Office and is deemed an "official" record.

- DCSO Policy PSD-B-919 Records Retention states, in part: *The Background Investigation Report and any other background information to include pre-employment medical and psychological examinations, will be retained as long as the individual is employed by the Office.*

- Nicholson-Kluth "ordered" a subordinate to delete some of her personnel records from the G/T database. The records contained in the *Yellow File* folder that was deleted included but was not limited to Nicholson-Kluth's Personal History Questionnaire (PHQ / Employment Application); Background Investigation; Polygraph Examination; Psychological Evaluation; Memo from Park County Sheriff Robert K. Harrison; Park County Sheriff's Office Offense Report #8800688 and an NCIC / CCIC teletype to Park County Sheriff's Office requesting the report involving Nicholson-Kluth in which there was "a domestic fight with weapons involved."

- Nicholson-Kluth was not authorized to order the deletion of any records for any person from the G/T database, much less her own.

**Evidence Refuting**

- Nicholson-Kluth has publicly denied that she ordered another employee to delete her personnel records.

## DOUGLAS COUNTY SHERIFF'S OFFICE
## INTERNAL AFFAIRS

### NOTIFICATION OF FINDINGS / 21IA-024

### Conclusion

When Nicholson-Kluth ordered McMahan to delete some of her personnel records from her G/T database, she was the sitting Undersheriff for the Sheriff's office. Consequently, she facilitated the "removal" of "official records" from an electronic database when she was not authorized to do so. Through clear and convincing evidence, she is found **SUSTAINED** on the policy violation of *Removal of Records*.

---

Member signature and OSN - refused to be interviewed and Notification of Findings sent to Nicholson-Kluth via the United States Postal Service.

Server signature and OSN - not served; Notification of Findings sent to Nicholson-Kluth via the United States Postal Service.

Signature  *P.S. Domenico* - 1434

Member, or in this case former member, is to receive a copy of this **Notification of Findings** and copy to be retained with the Internal Affairs investigation folder.

The Internal Affairs Section is an investigative entity and does not impose corrective or disciplinary sanctions on members whose allegations of misconduct have been sustained.