```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO

                 Civil Action No. 1:21-CV-3417-NYW




HOLLY KLUTH,

         Plaintiff,

vs.

TONY SPURLOCK,
Individually and in his official
capacity as Douglas County Sheriff,

         Defendant.
_____


                   DEPOSITION OF PHILIP DOMENICO

          ******* CONFIDENTIAL PORTIONS ONLY *********

CONTAINS MATERIAL MARKED AS CONFIDENTIAL /ATTORNEYS' EYES ONLY


         DATE TAKEN:        August 30, 2022

         TIME:              9:37 a.m. - 6:42 p.m.
                            (Based on Time Zone from Notice)

         LOCATION:          Rathod Mohamedbahai, LLC
                            2701 Lawrence Street, Suite 100
                            Denver, Colorado 80205




Reported By:
Jessica Wharton, Certified Court Reporter
```

```
 1  correct?
 2       A.   Yes.  Sir.
 3       Q.   Going to -- turning to Question 69, I believe this is
 4  the one that you take umbrage with, with her work experience at
 5  the Community Corrections.
 6            MR. THAPA:  I'm sorry, what page was that?
 7            MR. CRON:  Page 280.  Next page.
 8            THE WITNESS:  Oh, I -- I'm sorry.
 9  BY MR. CRON:
10       Q.   The top entry, she listed her -- the name of her
11  supervisor; do you see that?
12       A.   Yes.
13       Q.   And she provided the address of her employer?
14       A.   Right.
15       Q.   And she provided the phone number of her employer?
16       A.   Right.
17       Q.   That contact information was correct to your
18  knowledge, right?
19       A.   Yes.
20       Q.   And the Sheriff's Office contacted her supervisor?
21       A.   No.
22       Q.   No?  How do you know that?
23       A.   You mean -- I don't understand your question.  You're
24  asking if I contacted her super --
25       Q.   No, the Sheriff's Office -- during your investigation,
```

1  you were looking into -- you concluded that she was deceitful in
2  her answer to her work experience, right?
3       A.   Right.
4       Q.   And she provided the name of her supervisor and
5  contact information at that time of her application, right?
6       A.   Right.
7       Q.   Okay.  Do you know whether the Douglas County
8  Sheriff's Office contacted that supervisor?
9       A.   Back then?
10      Q.   Yeah.
11      A.   I don't know.
12      Q.   But they had that information, right?
13      A.   Yes.
14      Q.   They could have verified her employment, correct?
15      A.   Yes.
16      Q.   And the Sheriff's Office, at the time they hired Ms.
17 Kluth, did not find that she was deceitful in providing her work
18 experience, right?
19      A.   No.
20      Q.   Okay.  But now 35 years later you've determined that
21 she was deceitful?
22      A.   Because she listed there as the name of the employer
23 the Arapahoe County Sheriff's Department; that's not the
24 employer.
25      Q.   What research did you determine who used the building

|     |                                                                        |
|-----|------------------------------------------------------------------------|
| 1   | located at 3265 West Girard Avenue in Englewood, Colorado in           |
| 2   | 1988?                                                                  |
| 3   |      A.   I looked at who is using it now, and it's the Arapahoe      |
| 4   | County Community Corrections so -- and it's at the same place.        |
| 5   | She was corrections technician.  They've been in that place for       |
| 6   | a very, very long time.                                               |
| 7   |      Q.   For long have they been in that place?                      |
| 8   |      A.   I don't know how long they've been there.                   |
| 9   |      Q.   Did you do any research to determine how long they've       |
| 10  | been there?                                                            |
| 11  |      A.   No.                                                          |
| 12  |      Q.   And what research did you into Arapahoe County              |
| 13  | Community Treatment Center generally?                                  |
| 14  |      A.   I looked at their website to see what it is they do         |
| 15  | there, I read some of the stuff on their website.                     |
| 16  |      Q.   Did you look into their history at all?                     |
| 17  |      A.   No.                                                          |
| 18  |      Q.   Okay.  Did you look into whether it was affiliated          |
| 19  | with the sheriff's office in 1988?                                     |
| 20  |      A.   I did, I asked -- when I inquired of the Arapahoe           |
| 21  | County Sheriff's Office, I asked if these are affiliated, and I       |
| 22  | was told they are not.  I said, well, if somebody was saying          |
| 23  | that they worked for the sheriff's office, would you guys have a      |
| 24  | record of it if they were your employee?  So they looked into         |
| 25  | that.                                                                  |

1    Q.   Your investigative report, and I'm looking at 882,
2  states that you contacted Arapahoe County Sheriff Tyler Brown to
3  see if Ms. Kluth was ever an employee of that office.
4    A.   Right.
5    Q.   You didn't ask Sheriff Brown whether his office was
6  ever affiliated with the Arapahoe Community --
7    A.   No, I didn't talk about that, just looking through
8  what I could find on the internet.
9    Q.   Does the Douglas County Sheriff's Office contract with
10 any third parties to provide services?
11   A.   Through community corrections?
12   Q.   Yeah.
13   A.   I believe we do.
14   Q.   Okay.  Are those people who work at those community
15 corrections employees of the Douglas County Sheriff's Office?
16   A.   No, they are not.
17   Q.   So if Ms. Kluth was a contract employee at community
18 corrections that contracted with Arapahoe County Sheriff's
19 Office, she would not be an employee of the sheriff's office,
20 correct?
21   A.   Correct.
22   Q.   And she would not have been deceitful in her work
23 application?
24   A.   Except that she listed that her employer is the
25 Arapahoe County Sheriff's Department.

| | |
|---|---|
| 1 | Q. She also -- she -- that's not the full reading of how |
| 2 | she listed it, is it? |
| 3 | A. Arapahoe county Sheriff's Department, underneath is |
| 4 | written Community Corrections. |
| 5 | Q. Okay. So that's the full name of the -- |
| 6 | A. Right. |
| 7 | Q. -- outfit, okay. And -- so she could have been |
| 8 | employed by the Community Corrections affiliated with the |
| 9 | Arapahoe County Sheriff's Office, right? |
| 10 | A. She could have, but it's called the Arapahoe Community |
| 11 | Treatment Center. |
| 12 | Q. Now it is; are you -- what was it called in 1988? |
| 13 | A. I can't be sure. |
| 14 | Q. Okay. So is it possible that Ms. Kluth was not being |
| 15 | deceitful when she listed her work experience as a corrections |
| 16 | technician at the Arapahoe County Sheriff's Department Community |
| 17 | Corrections? |
| 18 | A. Yes. |
| 19 | Q. And if she was being deceitful, she provided contact |
| 20 | information such that Douglas County Sheriff's Office could |
| 21 | easily figure it out? |
| 22 | A. If they had elected to do so, yes. |
| 23 | Q. Okay. All right. Let's go to Question No. 70, which |
| 24 | is on the -- let's see -- it's on DCSO 282. |
| 25 | A. Got it. |

| | | |
|---|---|---|
| 1 | A. | At the time it happened? |
| 2 | Q. | Yeah? |
| 3 | A. | Well, she wasn't talked to according to this report, |
| 4 | but... | |
| 5 | Q. | So that's a no? |
| 6 | A. | No -- yes, there was no evidence -- |
| 7 | Q. | That she knew about the incident -- |
| 8 | A. | That she knew about it. |
| 9 | Q. | And Douglas County Sheriff's Office had at least some |
| 10 | record of this incident, right? | |
| 11 | A. | In what we have in front of us, correct. |
| 12 | Q. | This is the sort of incident that a law enforcement |
| 13 | office would typically follow up on, right? | |
| 14 | A. | Yes, it's a serious incident. |
| 15 | Q. | You're considering a new applicant who allegedly |
| 16 | engaged in a violent act, that is something that presumably any |
| 17 | law enforcement would do their due diligence on? | |
| 18 | A. | Yes, it would have been vetted out we would think. |
| 19 | | MR. THAPA:  Object to form. |
| 20 | BY MR. CRON: | |
| 21 | Q. | But the Douglas County Sheriff's Office hired Ms. |
| 22 | Kluth despite having this information at their disposal, | |
| 23 | correct? | |
| 24 | A. | They did. |
| 25 | Q. | If this was -- can we presume that the Douglas County |