IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-3417-NYW-SBP

HOLLY KLUTH,

    Plaintiff,

v.

TONY SPURLOCK, in his individual capacity, and
DARREN WEEKLY, in his official capacity,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 47]**

## INTRODUCTION

Why would Defendant Spurlock come up with false reasons as a pretext to cover up his unlawful termination of Ms. Kluth? Based on reason and common sense, a reasonable jury could conclude that the answer is that Defendant Spurlock was aware that the termination risked violating Ms. Kluth's rights. Likewise, a reasonable jury could conclude that the reason Defendant Spurlock fired Ms. Kluth shortly after she declared her candidacy for sheriff was that he intended to harm her.

Contrary to Defendants' assertions that doing so would be mere "speculation" or "fictitious," drawing these inferences is precisely what is contemplated by the summary judgment standard, which requires courts to "view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Duda v. Elder*, 7 F.4th 899, 905 (10th Cir. 2021) (quotations omitted).

The Court should therefore reconsider its order on punitive damages and return the issue to the jury.

## ARGUMENT

Ms. Kluth is entitled to a punitive damages instruction if a reasonable jury could determine that Defendant Spurlock's subjective state of mind was either "motivated by evil motive or intent" or "involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

### I. Defendant Spurlock's cover up permits a jury to infer a culpable state of mind.

Defendants wrongly assert that Plaintiff failed to "show[] a genuine issue for trial with respect to Defendant Spurlock's subjective state of mind." [Doc. 48 at 3-4]. To the contrary, this Court held that Plaintiff presented sufficient evidence from which a reasonable jury could find that Defendant Spurlock intentionally fired Ms. Kluth due to her political speech or affiliation. [Doc. 44 at 28-29]. As Plaintiff noted in her summary judgment response, Defendant Spurlock's subjective state of mind is "heavily disputed." *See Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995) (explaining that determining "defendant's true state of mind" is "not the purpose" of summary judgment).

Pretext is definitionally a deliberate "cover up" for an unlawful motivation. *See, e.g.*, Final Jury Instructions [ECF No. 119] at 18, *Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 1:20-cv-01597-NYW-MEH (D. Colo. June 30, 2023). If a jury finds that Defendant Spurlock's stated reasons for Ms. Kluth's termination are pretextual and false—as this court has held it could—then the fact that Defendant Spurlock deliberately came up with the false, pretextual reasons is itself highly probative of whether he perceived he was violating Ms. Kluth's rights.[1] *See Morgan v. Hilti, Inc.*,

---

[1] Defendants suggest (at 5) that even if Spurlock knew his conduct was illegal, Ms. Kluth would still not be entitled to punitive damages because she could not show that Spurlock specifically

2

108 F.3d 1319, 1323 (10th Cir. 1997) (explaining that pretextual reasons are those a jury finds "unworthy of credence"). So, too, is the way that Defendant Spurlock terminated Ms. Kluth—i.e., unlawfully, without proper notice and opportunity to respond, as the Court has held as a matter of law. [Doc. 44 at 52]. Considering the totality of the circumstances, a reasonable jury has ample opportunity to infer that Defendant Spurlock lied, and that he did so to purposefully cover up his true, unlawful motives for terminating Plaintiff. *See Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808 (10th Cir. 2000) ("[W]hen the Plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility."). As a matter of reason and common sense, the primary reason why Defendant Spurlock would create pretextual reasons in this context is because of at least a perceived risk—if not outright knowledge—that his true motivations are illegal.

Accordingly, a reasonable jury could find, based on the evidence of how Defendant Spurlock terminated Ms. Kluth and his subsequent cover up, that Defendant Spurlock acted with the requisite state of mind for punitive damages.

**II.    A reasonable jury could find that Defendant Spurlock was "motivated by evil motive or intent."**

Defendants are also wrong that there are no facts showing conduct "motivated by evil motive or intent." [Doc. 48 at 6]. This Court agreed that Ms. Kluth cited sufficient evidence from which a reasonable jury could find that Defendant Spurlock intentionally terminated her out of revenge. [Doc. 44 at 32]. Given that a defendant's "desire for revenge may well qualify as evil intent," *Higgins v. Navarrete*, No. 20-20341, 2022 U.S. App. LEXIS 4831, at *9-10 (5th Cir. Feb.

---

knew that his conduct would violate *federal* law. [Doc. 48 at 5]. This argument is misplaced, however, because Ms. Kluth has both federal and state law claims against Defendants for the same conduct. Punitive damages are available under Colorado law for conduct "done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102.

3

23, 2022), and because determining "defendant's true state of mind" is "not the purpose" of summary judgment, *Randle*, 69 F.3d at 453, a reasonable jury could find that Defendant Spurlock was motivated by evil motive or intent.

## CONCLUSION

For the foregoing reasons, the court should reconsider its summary judgment ruling on punitive damages and return the question to the jury.

Dated this 22nd day of November 2023.

        Respectfully submitted,

        *s/ Felipe Bohnet-Gomez*
        Matthew J. Cron
        Felipe Bohnet-Gomez
        Siddhartha H. Rathod
        Rathod Mohamedbhai LLC
        2701 Lawrence St., Suite 100
        Denver, CO 80205
        (303) 578-4400
        fbg@rmlawyers.com
        mc@rmlawyers.com
        sr@rmlawyers.com

        *Attorneys for Plaintiff*