IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-03417-NYW-SBP

HOLLY KLUTH,

    Plaintiff,

v.

TONY SPURLOCK, in his individual capacity, and
DARREN WEEKLY, in his official capacity,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration as to Summary Judgment in Defendants' Favor on the Issue of Punitive Damages (the "Motion" or "Motion for Reconsideration"). [Doc. 47]. The Motion is fully briefed. For the reasons set forth in this Order, the Motion for Reconsideration is respectfully **GRANTED**.

## BACKGROUND

The factual background of this case was set forth in this Court's Memorandum Opinion and Order, *see* [Doc. 44], and the Court does not repeat it here. This case arises out of the termination of Plaintiff Holly Kluth ("Plaintiff" or "Ms. Kluth") from her employment with the Douglas County Sheriff's Office. *See generally* [Doc. 1]. The Parties filed cross motions for summary judgment, [Doc. 30; Doc. 33], and on September 22, 2023, this Court granted in part and denied in part each motion, [Doc. 44 at 2]. The case is currently set for an eight-day jury trial to begin on July 15, 2024. [Doc. 53 at 1].

Relevant here, Defendant Tony Spurlock moved for summary judgment on Plaintiff's request for punitive damages, arguing that "there is no evidence that Sheriff Spurlock acted with malice, evil intent or motive, or knew that his actions were unconstitutional (which they were not)." [Doc. 30 at 25]. In response, Plaintiff argued only that "a jury could reasonably determine that [Sheriff] Spurlock's decision was motivated by unlawful retaliation," and because Sheriff Spurlock "has claimed otherwise, the jury could reasonably find that he was dishonest." [Doc. 38 at 25]. In ruling on this issue, the Court noted that Plaintiff had "raise[d] no argument under the applicable standards—whether Sheriff Spurlock acted in the face of a perceived risk that his actions would violate federal law or acted willfully and wantonly," and had failed to "direct the Court to any specific evidence from which she contends the jury could infer that Sheriff Spurlock subjectively knew his conduct would constitute a constitutional violation." [Doc. 44 at 66]. The Court concluded that Plaintiff's argument failed to raise an issue of material fact for trial and determined that Defendant Spurlock was entitled to summary judgment on this issue. [*Id.*].

Plaintiff now asks the Court to reconsider this ruling, arguing that "[t]he summary judgment record contains sufficient evidence that was cited and discussed in Plaintiff's Response from which a jury could reasonably conclude that punitive damages are warranted." [Doc. 47 at 1].[1] Defendants oppose Plaintiff's Motion. [Doc. 48]. The Court considers Plaintiff's Motion below.

---

[1] Plaintiff also argues that "[p]unitive damages are a remedy for a claim, not an independent claim subject to summary judgment." [Doc. 47 at 5]. This argument was not raised in her summary judgment briefing, *see* [Doc. 38], and cannot be raised for the first time in a motion for reconsideration, *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motions for reconsideration are inappropriate vehicles to "advance

2

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). And "[t]he Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Servants of the Paraclete*, 204 F.3d at 1012). "[T]he decision to grant reconsideration is committed to the sound discretion of the district court." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

**ANALYSIS**

Plaintiff contends that the Court should reconsider its prior ruling on punitive damages because, based on evidence cited throughout her briefing and discussed elsewhere by the Court in its Memorandum Opinion and Order, a jury could find that

---

arguments that could have been raised in prior briefing"). The Court thus does not address this argument.

3

Sheriff Spurlock acted indifferently to her federally protected rights or was motivated by evil motive or intent. [Doc. 47 at 3–5]. Defendants oppose reconsideration, arguing that Plaintiff's Motion raises arguments that could have been raised in the original summary judgment briefing, [Doc. 48 at 3], and that the record does not contain sufficient evidence from which a jury could find punitive damages warranted, [*id.* at 5–6].

It is not this Court's duty to scour the record for evidence in support of a party's position or piece together a party's arguments from various portions of their briefing. *N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 803 (10th Cir. 2016); *Phoenix Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, No. 12-cv-01553-REB-KLM, 2013 WL 4594529, at *2 (D. Colo. Aug. 29, 2013). It was Plaintiff's duty, with respect to each discrete argument raised by Defendants, to explain to the Court why summary judgment was not appropriate on that issue with supporting citations to record evidence and/or legal authority, instead of simply relying on evidence "cited and discussed in Plaintiff's response" *generally*. *See* [Doc. 47 at 1]. By simply arguing that "[b]ased on the evidence," a jury could find that Sheriff Spurlock acted unlawfully or dishonestly, *see* [Doc. 38 at 25], Plaintiff failed to point the Court to specific facts and authority to address summary judgment on the punitive damages issue. *Compare* [*id.*], *with* [Doc. 47 at 3–5 (Plaintiff arguing, with citations to legal authority and the docket, why a genuine issue of fact exists supporting a punitive damages jury instruction)].

With that said, the Court may, in its discretion, reconsider its prior orders to prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012; *Brumark Corp.*, 57 F.3d at 944. In its Memorandum Opinion and Order, this Court concluded that disputed facts precluded summary judgment on the underlying substantive claim, explaining that a jury

4

could find that Sheriff Spurlock disapproved of Ms. Kluth's speech and was upset with her, [Doc. 44 at 31–32], that Sheriff Spurlock's stated reasons for Ms. Kluth's termination were pretextual, *see* [*id.* at 29–30], and that Sheriff Spurlock was motivated by a retaliatory animus, *see* [*id.* at 32]. Upon reconsideration, based on the summary judgment record and the Court's findings in the Memorandum Opinion and Order, this Court finds that a jury could conclude that Sheriff Spurlock acted with callous indifference to Ms. Kluth's constitutional rights or acted in the perceived risk that his actions would violate federal law. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Eisenhour v. Weber Cnty.*, 897 F.3d 1272, 1281 (10th Cir. 2018). In order to resolve a potential inconsistency within the Memorandum Opinion and Order, this Court concludes that it is appropriate to permit Plaintiff to proceed to trial on her request for punitive damages, despite Plaintiff's lack of robust briefing.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Reconsideration as to Summary Judgment in Defendants' Favor on the Issue of Punitive Damages [Doc. 47] is **GRANTED**;

(2) The Court **WITHDRAWS in part** its prior ruling, [Doc. 44], **only insofar as it grants Defendant Spurlock summary judgment in his favor on the issue of punitive damages**; and

(3)  Plaintiff will be permitted to proceed to trial on her request for punitive damages.

DATED:  April 29, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge