IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03417-NYW-SBP

HOLLY KLUTH,

    Plaintiff,

v.

TONY SPURLOCK, in his individual capacity, and
DARREN WEEKLY, in his official capacity,

    Defendants.

## MINUTE ORDER

Entered by Judge Nina Y. Wang

    In Defendants' Omnibus Motion in Limine, [Doc 63], Defendants seek a Court order "limit[ing] Plaintiff's designated expert to the opinions expressed in his disclosed report dated July 21, 2022 as required by Fed. R. Civ. P. 26(a)(2)(B)." [Doc. 63 at 13]. Specifically, Plaintiff's expert, Jeffery E. Nehls ("Mr. Nehls"), provided an expert report on damages dated July 21, 2022. [Doc. 63-1]. On May 8, 2024, Mr. Nehls provided a supplemental report to "update timeframes of [his] analysis to reflect the trial date set for July 2024 and to update post-termination earnings in light of the employment offer [Plaintiff] received in February 2024 and information regarding her earnings in 2023." [Doc. 75-7 at 2]. Defendants seek a Court order limiting Mr. Nehls's testimony to the data contained in his 2022 expert report and precluding him from, inter alia, "chang[ing] any of the underlying figures used in his calculations." [Doc. 63 at 13].

    At the June 3, 2024 Final Pretrial/Trial Preparation Conference, the Court, after hearing argument from the Parties, took this portion of the Motion in Limine under advisement. [Doc. 93 at 2].

    Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). In addition, Rule 26(e)(1) provides that a party must supplement its disclosures in a timely manner if the party learns that the disclosures are incomplete or incorrect in some material respect, if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(B). Supplementation of expert reports must be made "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A), and in any event, no later than "the

time the party's pretrial disclosures under Rule 26(a)(3) are due," Fed. R. Civ. P. 26(e)(2).

"[T]he supplementation of expert reports is permissible only for the purposes of correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Cox v. Wilson*, No. 15-cv-00128-WJM-NYW, 2016 WL 8487907, at *1 (D. Colo. Aug. 17, 2016) (quotation omitted). In other words, "[a] supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006). A Rule 26(a) violation occurs upon the filing of a supplemental expert report if that report is outside the scope of supplementation permitted under Rule 26(e)—for example, if it contains information beyond what was disclosed in the original expert report, *Galaxy Ventures, LLC v. Rosenblum*, No. 03-cv-01236-JCH-LFG, 2005 WL 5988690, at *4 (D.N.M. July 21, 2005), or information which could have been included in the original expert report but was not, *Vulcan Materials Co. v. Atofina Chemicals Inc.*, No. 6:02-cv-01251-JTM, 2004 WL 5628830, at *2 (D. Kan. Feb. 13, 2004). In addition, "in the context of experts specifically, supplementation is not allowed when the party's motive is to wholly rework a damages claim or change the substance of their contentions." *Thomson v. Nat'l R.R. Passenger Corp.*, No. 17-cv-00565-JCH-JFR, 2019 WL 6717255, at *2 (D.N.M. Dec. 10, 2019) (cleaned up).

Defendants' Motion circles around, but does not directly address, whether the supplemental report amounts to a Rule 26 violation. Defendants argue that permitting supplementation "at this late stage of litigation and more than twenty-one months after disclosure of [Mr. Nehl's] report would severely prejudice Defendants and be unjustified," but they do not explain why they would be prejudiced by the supplemental report. [Doc. 63 at 13]. Plaintiff disagrees with Defendants' argument, asserting that the supplemental expert report is proper under Rule 26(e) because it reflects information learned after Mr. Nehls completed his initial expert report, including Plaintiff's new part-time job, which she began in March 2024, and new information about changes in pay and benefits, based on 2023 pay data, for her prior employment at the Douglas County Sheriff's Office. [Doc. 75 at 13–14].[1]

The Court has reviewed the Parties' briefs, the original and supplemental expert reports, and the Parties' arguments at the Final Pretrial/Trial Preparation Conference.

---

[1] The day after the Final Pretrial/Trial Preparation Conference, Plaintiff filed a Supplemental Response to the Motion in Limine stating that she "withdraws her opposition to Defendants' motion in limine insofar as it relates to Mr. Nehls's testimony concerning Public Service Loan Forgiveness" ("PSLF"). [Doc. 94 at 1]. Based on Plaintiff's non-opposition to this narrow portion of the Motion in Limine, and because it is unclear from the record when Plaintiff learned of her non-eligibility for PSLF, the Court will **GRANT** Defendants' Motion in Limine to the extent it seeks to preclude Mr. Nehls from testifying about damages arising from Plaintiff's non-eligibility for PSLF.

The Court respectfully concludes that Mr. Nehls's supplemental report, except for the portion discussed in footnote 1, is proper under Rule 26(e).  Under the rule, Mr. Nehls was required to supplement his expert report to account for information legitimately learned—after he submitted his initial report—that rendered his original analysis incomplete.  *See Gen. Steel Domestic Sales, LLC v. Chumley*, No. 13-cv-00769-MSK-KMT, 2015 WL 3498780, at *3–4 (D. Colo. June 2, 2015) (denying motion to strike supplemental expert disclosure that "use[d] the same general theory for calculation of damages and ha[d] only updated the raw data . . . for recent time periods in the supplemental report"); *cf. Campbell v. CSAA Fire & Cas. Ins. Co.*, No. 5:19-cv-00739-R, 2020 WL 3244010, at *1 (W.D. Okla. June 15, 2020) ("When a party receives additional documents that it intends to use to prove its damages, or when its previous damages computation becomes otherwise inadequate, a party must supplement its Rule 26(a)(1)(A)(iii) computation.").  The non-PSLF portions of the supplemental report do not seek to introduce new categories of damages or include information that could have been included in Mr. Nehls's original report but was not, and the Court is not persuaded that the supplementation is an attempt to "wholly rework" Plaintiff's damages claim.  *Thomson*, 2019 WL 6717255, at *2.  Rather, as Plaintiff and Mr. Nehls explain, the supplemental report changes Mr. Nehls's damages calculations based on Plaintiff's new employment and newly discovered data about pay and benefits at the Douglas County Sheriff's Office.

Moreover, Defendants do not explain how they will be prejudiced by the supplementation.  *See* [Doc. 63 at 13].  Defendants will still have the opportunity to cross-examine Mr. Nehls at trial and challenge the evidentiary value of his opinions in front of the jury.

Accordingly, it is **ORDERED** that:

(1) The remaining portion of Defendants' Omnibus Motion in Limine [Doc. 63] is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** to the extent it seeks to preclude Mr. Nehls from testifying about Plaintiff's "loss of public service loan forgiveness."  It is **DENIED** to the extent it otherwise seeks to preclude Mr. Nehls from testifying about the amounts disclosed in his supplemental expert report.

DATED:  June 26, 2024