IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03417-NYW-SBP

HOLLY KLUTH,

    Plaintiff,

v.

TONY SPURLOCK, in his individual capacity, and
DARREN WEEKLY, in his official capacity,

    Defendants.

---

## MINUTE ORDER

Entered by Judge Nina Y. Wang

    This matter is before the Court on the Unopposed Motion for Remote Trial Testimony of Jim Jensen (the "Motion" or "Motion for Remote Testimony") filed on July 5, 2024 by Plaintiff Holly Kluth ("Plaintiff" or "Ms. Kluth"). [Doc. 100]. In the Motion, Plaintiff requests that the Court permit one of her witnesses, Jim Jensen, to testify remotely during the trial set to begin July 15, 2024. *See* [Doc. 100 at 2].

    Rule 43 of the Federal Rules of Civil Procedure provides that, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). But "[f]or <u>good cause in compelling circumstances</u> and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.* (emphasis added).

    Based on this Court's recent experiences with remote testimony at trial, which included technological difficulties and subsequent delays, the Court is not inclined to permit remote testimony absent a true showing of good cause and compelling circumstances. Indeed, "Rule 43(a) . . . is by its own terms permissive and not mandatory." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013). "[T]he rule is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness,' and not when it is merely 'inconvenient for the witness to attend the trial.'" *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1994 amendment). Rule 43 still "manifests a clear presumption that witness testimony be given from the stand in open court." *Hayes v. SkyWest Airlines, Inc.*, No. 15-cv-02015-REB-NYW, 2017 WL 11546040, at *1 (D. Colo. Sept. 6, 2017). "The importance of presenting live testimony in court cannot be forgotten. The very

ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).

In the Motion, Ms. Kluth states that on July 5, 2024—ten days before the trial is set to begin—Mr. Jensen "informed [her] counsel that he had forgotten that he needed to be in Arizona the entire week of July 15, 2024, which is when Plaintiff intended to offer his testimony." [Doc. 100 at ¶ 3]. Plaintiff further asserts that "[b]ecause Mr. Jensen has out-of-state travel plans, Plaintiff cannot compel Mr. Jensen to appear in person and thus there is 'good cause' under Rule 43(a) to allow for his remote testimony." [*Id.* at ¶ 5].

The Court respectfully concludes that Plaintiff has not demonstrated the "good cause in compelling circumstances" required to permit remote testimony under Rule 43. The Motion contains no explanation or details about Mr. Jensen's "need[]" to be in Arizona for the week of July 15, when counsel informed Mr. Jensen that he needed to be available for trial, or when Mr. Jensen learned that he "need[s]" to be in Arizona that week. This sort of information is highly relevant to the Court's analysis, and without it, the Court cannot conclude whether Mr. Jensen's absence from the state amounts to good cause for remote testimony. *Cf. Hayes*, 2017 WL 11546040, at *2 (mere inconvenience is insufficient to justify remote testimony under Rule 43); *Hightower v. Ingerman Mgmt. Co.*, No. 17-cv-08025-CPO, 2022 WL 19266260, at *3 (D.N.J. May 26, 2022) (vacation plans do not constitute good cause or compelling circumstances for remote testimony).

Furthermore, while the Court understands that Mr. Jensen only informed Plaintiff's counsel of his plans to be in Arizona on July 5, 2024, the Court is not persuaded that Mr. Jensen's apparent failure to inform Plaintiff's counsel of his travel plans is the sort of "unexpected" reason for an absence contemplated by the case law discussing Rule 43. *See Wilson v. United States*, No. 2:18-cv-01241-JCM-NJK, 2023 WL 2795866, at *1 (D. Nev. Apr. 5, 2023) (concluding that witness's scheduling conflicts did not amount to good cause, as it was the movant's responsibility to ensure her own witness's availability). The trial date has been set, and presumably known to all witnesses, for nearly seven months, *see* [Doc. 53], and the Motion contains no information from which the Court can conclude that Mr. Jensen's absence from the state is the result of unexpected circumstances. *Cf. Bioconvergence LLC v. Attariwala*, No. 1:19-cv-01745-SEB-MG, 2023 WL 4494020, at *3 (S.D. Ind. June 29, 2023) (denying motion to permit remote testimony where the witness had "been on notice of the specific need to travel and make childcare arrangements in order to appear in person at the bench trial for a significant amount of time").

In addition, Plaintiff asserts that good cause exists for Rule 43 relief because, due to Mr. Jensen's "out-of-state travel plans, Plaintiff cannot compel [him] to appear in person." [Doc. 110 at ¶ 5]. Rule 45 provides that a party may subpoena a person to testify at trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). The Motion contains no information about where Mr. Jensen resides, works, or transacts business, but the Court notes that, at least as of September 23, 2022, Mr. Jensen appeared to reside and/or work in Colorado, given that he stated in a declaration that he was then employed as the Chief

of Police for the Keenesburg Police Department. *See* [Doc. 38-10 at ¶ 3]. And Plaintiff's implication that Mr. Jensen's trip to Arizona takes him *outside* of the Rule 45 subpoena power suggests to this Court that he typically is *within* the subpoena power. Plaintiff provides no authority that the Rule 45 subpoena power changes based on where the person happens to be located at the time their testimony is needed, or why Mr. Jensen could not return to Colorado for his testimony.

Finally, the Court notes that the eight-day trial is set to end on July 24, 2024. While Plaintiff states that she intended to call Mr. Jensen during the first week of trial, the Court sees no compelling reason why the trial schedule could not be slightly amended to permit Mr. Jensen to testify during the second week of trial, an option the Court strongly prefers over remote testimony and which the Court expects the Parties can reach an agreement.

Accordingly, the Court **ORDERS** the Parties to meaningfully meet and confer about the possibility of moving Mr. Jensen's testimony to the second week of trial.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Unopposed Motion for Remote Trial Testimony of Jim Jensen [Doc. 100] is **DENIED**; and

(2) The Parties shall meaningfully meet and confer about the possibility of moving Mr. Jensen's testimony to the second week of trial.

DATED: July 8, 2024